# EXHIBIT 1

**Proposed Order**

THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

|  |  |
|---|---|
| In re: | Chapter 11 |
| GROEB FARMS, INC. | Case No. 13-58200 |
| Debtor. | Honorable Walter Shapero |

**FIRST DAY ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 105 AND 366 (I) PROHIBITING UTILITIES FROM ALTERING REFUSING OR DISCONTINUING SERVICE TO THE DEBTOR AND (II) ESTABLISHING CERTAIN PROCEDURES TO DETERMINE REQUESTS FOR ADEQUATE ASSURANCE OF PAYMENT**

Upon the Debtor's Motion for an Order Pursuant to Sections 105 and 366 of the Bankruptcy Code (i) Prohibiting Utilities from Altering, Refusing, or Discontinuing Service to the Debtor and (ii) Establishing Certain Procedures to Determine Requests for Adequate Assurance of Payment (the "Utilities Motion")[1], seeking entry of an order (i) determining that the Debtor has provided each of its utility providers (each singularly, a "Utility," and, collectively, the "Utilities") with "adequate assurance of payment" in compliance with section 366 of the Bankruptcy Code ("Adequate Assurance"); (ii) approving certain procedures (the "Assurance Procedures"), which provide a procedure for the Utilities to request additional or different Adequate Assurance; and (iii) prohibiting the Utilities from altering, refusing, or discontinuing utility services to the Debtor; and the Court having jurisdiction pursuant to sections 157 and 1334 of title 28 of the United States Code to consider the Utilities Motion and the relief requested therein; and venue being proper in this Court pursuant to sections 1408 and 1409 of title 28 of the United States Code; and it appearing that proper and adequate notice of the Utilities Motion has been given and that, except as otherwise ordered herein, no other or further notice is

necessary; and the Court having determined that the relief sought in the Utilities Motion is in the best interests of the Debtor, its creditors, and all parties in interest; and the Court having determined that the legal and factual bases set forth in the Utilities Motion establish just cause for the relief granted herein, it is therefore:

**ORDERED** that the Utilities Motion is GRANTED; and it is further

**ORDERED** that the Debtor shall pay all non-disputed post-petition utility charges in the ordinary course of business; and it is further

**ORDERED** that the Debtor is deemed to have furnished the Utilities with adequate assurance of payment for postpetition services by depositing $16,536.50 in the Adequate Assurance Deposit Account, with such Adequate Assurance Deposit Account to be held in a segregated account, pending further order of this Court or until such time as the Debtor's plan of reorganization shall have become effective. The Adequate Assurance Deposit account shall be maintained with a minimum balance of $16,536.50, regardless of any Additional Adequate Assurance Requests (as defined below) and/or agreements with the Utilities, except that, for each Added Utility (as defined below), the Debtor shall add to the Adequate Assurance Deposit Account the estimated cost of two weeks of such company's services utilized by the Debtor (based on a historical average over the past twelve months), as adequate assurance of payment and provided further, that any such increased amount shall increase the minimum balance to be maintained in the Adequate Assurance Deposit Account; and it is further

**ORDERED** that absent any further order of this Court, and except as set forth otherwise herein, all Utilities are prohibited from: (i) discontinuing, altering or refusing service to the Debtor on account of the commencement of these chapter 11 cases or any unpaid pre-petition charges; and (ii) discriminating against the Debtor, or requiring the payment of a security

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Utilities Motion.

deposit or receipt of any other assurance of payment from the Debtor for continued service, as a result of the Debtor's bankruptcy filing or any outstanding pre-petition invoices; and it is further

**ORDERED** that the procedures for determining requests for additional assurance of payment as described in the Utilities Motion are approved as follows:

    A.    Absent any further order of this Court and except as otherwise provided herein, the Utilities would not be able to alter, refuse or discontinue service to, or discriminate against, the Debtor on account of the commencement of this chapter 11 case or any unpaid prepetition charges, and also would not be permitted to request payment of a deposit or receipt of other security in connection with any unpaid prepetition charges;

    B.    The Debtor will serve this Utilities Motion and the order thereon (the "Utility Order"), if granted by this Court, via first-class mail, within five business days after the date that the Utility Order is entered by this Court, on each of the Utilities identified on the list attached hereto as Exhibit 6. In the event that any Utility inadvertently has been omitted from Exhibit 6, the Debtor, upon discovery of such omission, will file with this Court an amended Exhibit 6 (the "Amended Exhibit") adding the name of each inadvertently omitted (and subsequently discovered) Utility (the "Added Utilities"), and promptly will serve on each Added Utility this Utilities Motion, the Amended Exhibit and the Utility Order (each such service, a "Supplemental Service");

    C.    Any Utility would be able to submit a request for a modification of the amount of the adequate assurance of payment (an "Adequate Assurance Modification Request"), so as to be received within 30 days after the Petition Date or, in the case of an Added Utility, so as to be received within 30 days of such company's Supplemental Service (together with the Initial Additional Payment Request Deadline, (as applicable, the "Adequate Assurance Modification Request Deadline") by submitting such request to (i) Foley & Lardner LLP, attn: Judy A. O'Neill, John A. Simon and Tamar N. Dolcourt, One Detroit Center, 500 Woodward Ave., Ste. 2700, Detroit, Michigan 48226;

    D.    Any Adequate Assurance Modification Request must be in writing and: (i) set forth the location for which utility

services are provided; (ii) include a summary of the Debtor's payment history relevant to the affected account(s), including any security deposits or other prepayments or assurances previously provided by the Debtor; (iii) describe in sufficient detail the reason(s) why the treatment afforded pursuant to the procedures set forth herein does not constitute satisfactory adequate assurance of payment; and (iv) include a proposal for what would constitute adequate assurance of payment from the Debtor, along with an explanation of why such proposal is reasonable;

E. Upon the Debtor's receipt of an Adequate Assurance Modification Request at the address listed in paragraph (c) above, the Debtor will attempt to reach a consensual agreement with the Utility regarding the Utility's request for additional or different Adequate Assurance;

F. The Debtor may, in its discretion, consensually resolve any Adequate Assurance Modification Request with the requesting Utility without further order of the Court, and may, in connection with any such resolution and in its discretion, provide the Utility with additional Adequate Assurance, including a cash deposit, prepayments, and/or other forms of security, without further order of the Court, if the Debtor determines in its business judgment that the additional Adequate Assurance is reasonable;

G. If the Debtor determines that the Adequate Assurance Modification Request by the Utility is not reasonable and cannot reach a consensual resolution of the same within a reasonable period of time, the Debtor will promptly request a hearing before the Court to determine the adequacy of that Utility's Adequate Assurance (an "Assurance Hearing"), as provided in section 366(c)(3) of the Bankruptcy Code;

H. Pending resolution of a Utility's Adequate Assurance Modification Request at an Assurance Hearing, such Utility will be prohibited from altering, refusing or discontinuing service to the Debtor or discriminating against the Debtor on account of the commencement of these chapter 11 cases or any unpaid prepetition charges;

I. If a Utility fails to submit an Adequate Assurance Modification Request by its Adequate Assurance Modification Request Deadline, meeting the requirements

set forth above, such Utility will have waived its right to make an Adequate Assurance Modification Request, and will be deemed to have received, by virtue of the Adequate Assurance Deposit Account, adequate assurance of payment in accordance with section 366(c)(1)(A)(vi) of the Bankruptcy Code;

J. Based on the establishment of the Adequate Assurance Deposit Account, a Utility will be deemed to have adequate assurance of payment unless and until a future order of this Court is entered requiring further assurance of payment;

and it is further

**ORDERED** that the Debtor is authorized, in its sole discretion, to amend the list of Utilities attached as Exhibit 6 to the Utilities Motion to add or delete any Utility; and it is further

**ORDERED** that, nothing in the Utilities Motion, Exhibit 6 thereto or this order constitutes a finding that any entity is or is not a "utility" company hereunder or under section 366 of the Bankruptcy Code; and it is further

**ORDERED** that the Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Order; and it is further

**ORDERED** that, notwithstanding the relief granted herein and any actions taken pursuant hereto, nothing herein shall be deemed: (i) an admission as to the validity of any claim against the Debtor; (ii) a waiver of the Debtor's right to dispute any claim on any grounds; (iii) a promise or requirement to pay any claim; (iv) an implication or admission that any particular claim is of a type specified or defined hereunder; (v) a request or authorization to assume any agreement, contract or lease pursuant to Section 365 of the Bankruptcy Code; or (vi) a waiver of the Debtor's rights under the Bankruptcy Code or any other applicable law; and it is further

**ORDERED** that, notwithstanding the relief granted herein and any actions taken pursuant hereto, nothing herein shall create, nor is intended to create, any rights in favor of, or enhance the status of, any claim held by any person; and it is further

**ORDERED** that notwithstanding the relief granted in this Order, any payment made by the Debtor pursuant to the authority granted herein shall be subject to the orders approving entry into the Debtor-in-Possession Financing and Authorizing Continued Use of Cash Collateral; and it is further

**ORDERED** that notwithstanding any applicability of Federal Rule of Bankruptcy Procedure 6004(g), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

**ORDERED** that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and enforcement of this Order.