## Exhibit 5

## Affidavit of Evan Gershbein

THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GROEB FARMS, INC. | ) | Case No. 13-58200 |
| | ) | |
| Debtor. | ) | Honorable Walter Shapero |
| | ) | |

**AFFIDAVIT OF EVAN GERSHBEIN IN SUPPORT OF
FIRST DAY MOTION OF THE DEBTOR FOR ENTRY OF AN ORDER
AUTHORIZING AND APPROVING THE RETENTION OF KURTZMAN CARSON
CONSULTANTS LLC AS NOTICE, CLAIMS AND BALLOTING AGENT FOR THE
DEBTOR NUNC PRO TUNC TO THE PETITION DATE**

STATE OF CALIFORNIA      )
                          ) *ss*
COUNTY OF LOS ANGELES    )

I, Evan Gershbein, being duly sworn, state the following under penalty of perjury:

1. I am the Senior Vice President of Corporate Restructuring Services of Kurtzman Carson Consultants LLC ("KCC"), a data processing company specializing in the administration of large bankruptcy cases with offices located at 2335 Alaska Avenue, El Segundo, California 90245, and I make this affidavit on behalf of KCC (this "Affidavit"). I submit this Affidavit in support of the application of the above captioned debtor and debtor-in-possession (the "Debtor") in the above-captioned chapter 11 case (the "Chapter 11 Case") for entry of an order authorizing and approving the engagement of KCC as claims, noticing and balloting agent to the Debtor in this Chapter 11 Case. Except as otherwise noted, I have personal knowledge of the matters set forth herein.

2. KCC is one of the country's leading chapter 11 claim management companies with expertise in noticing, claims processing, claims reconciliation, balloting and distribution.

KCC is well qualified to provide the Debtor experienced services as claims, noticing and balloting agent in connection with this Chapter 11 Case.

3. The compensation arrangement provided for in the Retention Agreement is consistent with and typical of arrangements entered into by KCC and other such firms with respect to rendering similar services for clients such as the Debtor.

4. The Debtor will pay KCC fees and expenses upon the submission of monthly invoices by KCC summarizing, in reasonable detail, the services for which compensation is sought.

5. KCC has provided identical or substantially similar services, as contractor or subcontractor, in many other chapter 11 cases in this and a variety of other jurisdictions. *See, e.g., Energy Conversion Devices, Inc., et al.,* Case No. 12-43166 (Bankr. E.D. Mich. 2012); *In re Checker Motors Corp.*, Case No. 09-00358 (Bankr. W.D. Mich. 2009); *In re Contech U.S., LLC, et al.*, Case No. 09-42392 (Bankr. E.D. Mich. 2009); *In re North Oakland Medical Center (Pontiac General Hospital)*, Case No. 08-60731 (Bankr. E.D. Mich. 2008); *In re Sturgis Iron & Metal Co., Inc.*, Case No. 08-02966 (Bankr. W.D. Mich. 2008); *In re BHM Technologies Holdings, Inc., et al.*, Case No. 08-04413 (Bankr. W.D. Mich. 2008); *In re Greektown Holdings, LLC, et al.*, Case No. 08-53104 (Bankr. E.D. Mich. 2008); *In re Pine River Plastics, Inc.*, Case No. 07-42051 (Bankr. E.D. Mich. 2007); *In re Collins & Aikman Corp., et al.,* Case No. 05-55927 (Bankr. E.D. Mich. 2005); *In re Giordano's Enter., Inc., et al.,* Case No. 11-06098 (Bankr. N.D. Ill. 2011); *In re Gas City, Ltd., et al.,* Case No. 10-47879 (Bankr. N.D. Ill. 2010); *In re AMCORE Financial, Inc.,* Case No. 10-37144 (Bankr. N.D. Ill. 2010); *In re XMH Corp.1 (f/k/a Hartmarx Corp.), et al.,* Case No. 09-02046 (Bankr. N.D. Ill. 2009); *In re Trident Microsystems, Inc., et al.,* Case No. 12-10069 (Bankr. D. Del. 2012); *In re AES Eastern Energy,*

*L.P., et al.,* Case No. 11-14138 (Bankr. D. Del. 2011); *In re William Lyon Homes, et al.,* Case No. 11-14019 (Bankr. D. Del. 2011); *In re PMI Group., Inc.*, Case No. 11-13730 (Bankr. D. Del. 2011); *In re Blitz U.S.A., Inc.*, Case No. 11-13603 (Bankr. D. Del. 2011); *In re Filene's Basement, LLC,* Case No. 11-13511 (Bankr. D. Del. 2011); *In re NewPage Corp., et al.,* Case No. 11-12804 (Bankr. D. Del. 2011); *In re DSI Holdings, Inc., et al.,* Case No. 11-11941 (Bankr. D. Del. 2011); *In re Nebraska Book Co., Inc., et al.,* Case No. 11-12005 (Bankr. D. Del. 2011); *In re Alexander Gallo Holdings, LLC, et al.,* Case No. 11-14220(Bankr. S.D.N.Y. 2011); *In re Marco Polo Seatrade B.V., et al.,* Case No. 11-13634 (Bankr. S.D.N.Y. 2011); *In re MSR Resort Golf Course LLC, et al.*, Case No. 11-10372 (Bankr. S.D.N.Y. 2011); *In re Great Atl. & Pac. Tea Co.,* Case No. 10-24549 (Bankr. S.D.N.Y. 2010); *In re Vertis Holdings, Inc.,* Case No. 10-16170 (Bankr. S.D.N.Y. 2010).

6. To the best of my knowledge and belief, neither I nor KCC holds or represents any interest materially adverse to the Debtor's estate and KCC will not represent any other entity in connection with this Chapter 11 Case.

7. Based on the information available to me, I believe that KCC is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code and holds no interest adverse to the Debtor and its estate for the matters for which KCC is to be engaged.

8. I am not related or connected to, and to the best of my knowledge, no other consultant of KCC is related or connected to any United States Bankruptcy Judge for the Eastern District of Michigan or the United States Trustee or to any employee in the offices thereof.

9. To the best of my knowledge and belief, and except as described herein, neither I nor KCC nor any officer or director of KCC has any connection or relationship with the Debtor that would conflict with the scope of KCC's retention or would create any interest materially

3

adverse to the Debtor's estate, any statutorily appointed committee or any other party in interest. KCC has and will continue to represent clients in matters unrelated to this Chapter 11 Case and has had and will continue to have relationships in the ordinary course of its business with certain professionals in connection with matters unrelated to this case.

10. Although the Debtor does not propose to retain KCC under § 327 of the Bankruptcy Code, KCC has nonetheless conducted a conflicts analysis and, to the best of its knowledge, KCC neither holds nor represents an interest materially adverse to the Debtor's estate nor has a material connection to the Debtor, its creditors or their related parties with respect to any matter for which KCC will be engaged. KCC may have relationships with certain of the Debtor's creditors as vendors or in connection with cases in which KCC serves or has served in a neutral capacity as claims and noticing agent for another chapter 11 debtor or as a class action settlement administrator. To the best of my knowledge, such relationships are materially unrelated to this Chapter 11 Case. In addition, KCC personnel may have relationships with some of the Debtor's creditors or other parties in interest. However, to the best of my knowledge, such relationships, to the extent they exist, are of a personal financial nature and completely unrelated to this Chapter 11 Case. KCC has and will continue to represent clients in matters materially unrelated to this Chapter 11 Case. In addition, KCC has had and will continue to have relationships in the ordinary course of its business with certain vendors, professionals and other parties in interest that may be involved in the Debtor's case in matters unrelated to this case.

11. KCC is an indirect subsidiary of Computershare Limited. Computershare Limited is a financial services and technologies provider for the global securities industry. Within the Computershare corporate structure, KCC operates as a separate, segregated business unit. As

4
4814-2484-7126.1
13-58200-wsd    Doc 16-5    Filed 10/01/13    Entered 10/01/13 18:36:22    Page 5 of 7

such, any relationships that Computershare Limited and its affiliates maintain do not create an interest of KCC that would be materially adverse to the Debtor's estate or any class of creditors or equity security holders.

12. KCC represents, among other things, that:

   a. it will not consider itself employed by the United States government in connection with the Debtor's case and shall not seek any compensation from the United States government in its capacity as notice, claims and solicitation agent;

   b. by accepting employment in this bankruptcy case, KCC waives any right to receive compensation from the United States government in its capacity as notice, claims and solicitation agent;

   c. in its capacity as claims, notice and solicitation agent, KCC will not be an agent of the United States and will not act on behalf of the United States; and

   d. KCC will not employ any past or present employees of the Debtor in connection with its work as in its capacity as notice, claims and solicitation agent.

13. There is no agreement or understanding between KCC and any other person or entity for sharing compensation received or to be received for services rendered by KCC in connection with this Chapter 11 Case.

14. Should KCC discover any new relevant facts or relationships bearing on the matters described herein during the period of its retention, KCC will use reasonable efforts to file promptly a supplemental affidavit.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 30, 2013

By: _____
Evan Gershbein
Senior Vice President of Corporate
Restructuring Services

State of California
County of Los Angeles

Subscribed and sworn to before me on this 30th day of September, by Evan Gershbein, proved to me on the basis of satisfactory evidence to be the person who appeared before me.

WITNESS my hand and official seal.

Signature _____
Commission #
My Comm. Expires

ROSS BERNSTEIN
Commission # 2013582
Notary Public - California
Los Angeles County
My Comm. Expires Mar 21, 2017