THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GROEB FARMS, INC. | ) | Case No. 13-58200 |
| | ) | |
| Debtor. | ) | Honorable Walter Shapero |
| | ) | |

## DEBTOR'S EX PARTE MOTION TO LIMIT NOTICE AND ESTABLISH NOTICE PROCEDURES

Groeb Farms, Inc., as debtor and debtor-in-possession (the "Debtor"), by and through its proposed counsel, Foley & Lardner LLP, hereby moves the Court (this "Motion") for entry of an order:, pursuant to 11 U.S.C. § 105(a) and Local Bankruptcy Rule ("LBR") 2002-1, file this ex-parte Motion for Entry of an Order Allowing the Debtor to Limit Notice and Establish Notice Procedures (the "Motion"). In support of this Motion, the Debtor respectfully represent as follows:

### Jurisdiction

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). This district is the proper venue of this proceeding and the Motion is under 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are 11 U.S.C. § 105(a) and LBR 2002-1.

### Background

2. On the date hereof (the "Petition Date"), the Debtor filed a petition for relief under chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Eastern District of Michigan.

The Debtor intends to continue in possession of its property and to manage its business as debtor-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed and no committees have been appointed or designated in the Debtor's chapter 11 case.

3. The Debtor was formed in 1981 and is the country's leading processor and packager of honey for food manufacturers and food service companies.

4. The Debtor is headquartered in Onsted, Michigan. The Debtor also operates a honey processing facility in San Bernardino, California, and maintains a testing lab in Belleview, Florida.

5. The Debtor has approximately 76 full time employees, 8 contractors hired through staffing services, and 4 part time employees. Approximately 47 of the employees are in Michigan, 25 are in California, 2 are in Georgia, and 2 are in Florida. For the fiscal year ended December 31, 2012, the Debtor had net sales from continuing operations of approximately $137.8 million.

6. Additional factual background relating to the Debtor, including its corporate structure, business operations, the circumstances leading to the filing of the chapter 11 case, the Restructuring Support Agreements, and the Debtor's existing indebtedness, is set forth in detail in the Irvin Declaration, filed concurrently herewith and fully incorporated herein by reference.

**Relief Requested**

7. By this Motion, the Debtor respectfully request the entry of an order granting the authority to limit notice and to establish notice procedures for this chapter 11 case. The Debtor has identified over 1000 entities to which notice must be given under certain circumstances under the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules"), and/or the Local Bankruptcy Rules. Providing such notice would be extremely burdensome to the Debtor, costly to its estate, and in many instances unnecessary, as certain motions would have no bearing on certain parties.

8. Accordingly, the Debtor proposes to create a master service list (the "Master Service List") that would include: (a) the United States Trustee; (b) the Debtor; (c) counsel to the Debtor; (d) any known secured creditors and their counsel, if any; (f) the Debtor's 20 largest unsecured creditors; (e) any party that has formally appeared and requested service of papers in these proceedings pursuant to Bankruptcy Rule 2002; and (j) any government agency required to be served by the Bankruptcy Code, the Bankruptcy Rules, and/or the Local Bankruptcy Rules, including all applicable taxing authorities.

9. Should an official committee of unsecured creditors be formally appointed in this case, the Debtor would add counsel to such committee to the Master Service List. Should any other official committees be formally appointed, the Debtor would similarly add counsel to such committees to the Master Service List.

10. The Debtor proposes to limit notice of all matters governed by Bankruptcy Rule 2002 in this case to those parties on the Master Service List only, except for notice regarding the following matters: (a) commencement of this case; (b) the first meeting of creditors pursuant to Bankruptcy Code § 341; (c) any deadline for filing proofs of claim pursuant to Bankruptcy Rule 3003; (d) any deadline to object to a disclosure statement or plan of reorganization; (e) any hearing to consider approval of a disclosure statement; (f) a hearing to consider confirmation of a plan of reorganization; and (g) a proposed sale of all or substantially all of the Debtor's assets. The foregoing proceedings would be noticed to all parties, as required by Bankruptcy Rule 2002, at such parties' last known addresses, unless otherwise ordered by the Court or prescribed by the

Bankruptcy Code, the Bankruptcy Rules, and/or the Local Bankruptcy Rules. The Master Service List would be used for all other pleadings, papers, and proceedings, even if they may, under the Bankruptcy Code, the Bankruptcy Rules, and/or the Local Bankruptcy Rules, require service upon all parties in interest. In addition to the Master Service List, the Debtor would serve any party whose interests are directly affected by a specific pleading.

11. The Debtor further requests authority to serve, in their discretion, any pleadings or papers by electronic mail in lieu of serving hard copies upon any service parties: (i) for which the Debtor has e-mail contact information; and (ii) that have consented in writing to service by electronic mail. For all other parties, the Debtor will serve pleadings and papers by facsimile, hand delivery, overnight delivery service, and/or first-class mail, as may be allowed under the Bankruptcy Code, the Bankruptcy Rules, and/or the Local Bankruptcy Rules, and as may be appropriate.

12. In addition, as contemplated by Local ECF Procedure 4(e), the Debtor requests that it not be required to serve any parties receiving CM/ECF notifications, and that such parties be deemed to have received proper and sufficient service of all pleadings in this case.

13. The Debtor proposes to update the Master Service List periodically in accordance with LBR 2002-1(d) to include those persons or parties that have made a written request to be included on the Master Service List and to file such updated lists with the Court. The Debtor or its agent will submit to the Court either an affidavit of service or certificate of service, including the list of all parties receiving notice, upon the completion of noticing.

## Basis For Relief Requested

14. The Debtor respectfully submits that the relief requested herein is appropriate under the Bankruptcy Code.

15. Specifically, pursuant to Bankruptcy Code § 105(a), "[t]he court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code.

16. Additionally, LBR 2002-1 authorizes the Court to approve a "Special Service List" in Large Bankruptcy Cases without a hearing. The Debtor has filed or will shortly file a motion to designate this case as Large Bankruptcy Cases pursuant to LBR 9001- 1(a).

17. The establishment of the above-described notice procedures will promote the Debtor's reorganization efforts by preserving assets that otherwise would be consumed by unnecessary copying, postage, and related expenses, and the Debtor does not believe it would inappropriately prejudice the rights of any parties in interest.

18. Indeed, similar relief has been granted by this and other courts. *See, e.g., In re Energy* Conversion *Devices, Inc.,* Case No. 12-43166 (TJT) (Bankr. E.D. Mich. Feb. 17, 2012) [Dkt. No. 32]; *In re Kazi Foods of Michigan, Inc.,* Case No. 11-43971 (TJT) (Bankr. E.D. Mich. Apr. 6, 2011 [Docket No. 155]; *In re Plastech Engineered Products Inc.,* Case No. 08-42417 (PJS) (Bankr. E.D. Mich. Feb. 6, 2008) [Docket No. 102]; *In re Aurora Oil & Gas Corp.,* Case No. 09-08254 (SWD) (Bankr. W.D. Mich. July 13, 2009) [Docket No. 8]; *In re BHM Technologies Holdings, Inc.,* Case No. 08-04413 (SWD) (Bankr. W.D. Mich. May 28, 2008) [Docket No. 112].

19. Accordingly, the Debtor submits that the relief requested herein is in their best interests and those of their estates, creditors, and other parties in interest and will foster the efficient and economic administration of this case.

## Notice

20. The Debtor will give notice of the terms of any order approving this Motion to all parties in interest, so as to apprise those entities that they may request to be included on the Master Service List.

## No Prior Request

21. No previous motion for the requested relief has been made to this or any other court.

## Conclusion

ACCORDINGLY, the Debtor respectfully requests that the Court enter an order, substantially in the form attached as Exhibit 1, granting the relief requested in this Motion and granting such further relief as the Court deems appropriate.

Dated: October 1, 2013
Detroit, Michigan

FOLEY & LARDNER LLP

/s/ John A. Simon
Judy A. O'Neill (P32142)
John A. Simon (P61866)
Tamar N. Dolcourt (P73425)
One Detroit Center
500 Woodward Ave., Suite 2700
Detroit, MI 48226-3489
(313) 234-7100 (Telephone)
(313) 234-2800 (Facsimile)

*Proposed Counsel for the Debtor and Debtor in Possession*