# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| GROEB FARMS, INC. | ) | Case No. 13-58200 |
| Debtor. | ) | Honorable Walter Shapero |

**FIRST DAY ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 105(a), 363, 364 AND 503(b)(1) AUTHORIZING (I) CONTINUED MAINTENANCE OF EXISTING BANK ACCOUNTS, (II) CONTINUED USE OF EXISTING BUSINESS FORMS; (III) CONTINUED USE OF EXISTING CASH MANAGEMENT SYSTEM; AND (IV) WAIVER OF CERTAIN OPERATING GUIDELINES RELATING TO BANK ACCOUNTS**

Upon the Debtor's Motion for an Order, under Bankruptcy Code sections 105(a), 363, 364 and 503(b)(1), authorizing (i) continued maintenance of existing bank accounts, (ii) continued use of existing business forms, (iii) continued use of existing cash management system as modified herein and (iv) a waiver of certain operating guidelines relating to bank accounts (the "Motion")[1]; and upon consideration of the Declaration of Jack Irvin, Jr., Chief Financial Officer of Groeb Farms, Inc., in Support of Chapter 11 Petitions and First Day Motions (the "Irvin Declaration"); and the Court having jurisdiction pursuant to sections 157 and 1334 of title 28 of the United States Code to consider the Motion and the relief requested therein; and venue being proper in this Court pursuant to sections 1408 and 1409 of title 28 of the United States Code; and it appearing that no other or further notice need be provided; and the Court having determined that the relief sought in the Motion is in the best interest of the Debtor, its creditors,

---

[1] Capitalized terms used and not otherwise defined herein shall have the meaning ascribed thereto in the Motion.

and all parties in interest; and the Court having heard the evidence and statements of counsel regarding the Motion and having determined that the legal and factual bases set forth in the Motion and attested to in the Irvin Declaration establish just cause for the relief granted herein, it is therefore

**ORDERED** that the Motion is GRANTED; and it is further

**ORDERED** that the Debtor is authorized, in the reasonable exercise of its business judgment, to (i) designate, maintain and continue to use, with the same account numbers, all of its Bank Accounts in existence on the Petition Date, including without limitation those Bank Accounts identified in <u>Exhibit 6</u> to the Motion, and (ii) treat such Bank Accounts for all purposes as accounts of the Debtor as Debtor-in-Possession; and it is further

**ORDERED** that the Debtor is authorized to continue to use its existing correspondence and business forms without alteration and without the designation "Debtor-In-Possession" imprinted upon them; and it is further

**ORDERED** that, except as provided below, the Debtor is authorized to continue to use its Cash Management System and shall continue to maintain detailed records reflecting all transfers of funds; and it is further

**ORDERED** that the Debtor is authorized to retain all funds in the Lockbox that would otherwise be swept directly to pay the prepetition credit facility, subject to the Court's determination of the Debtor's pending motion to use cash collateral and for authorization to obtain DIP financing.

**ORDERED** that the Debtor's account banks, including HC, Wells and Old National Bank, are hereby authorized to continue to service and administer all such accounts as accounts of the relevant Debtor as Debtor-in-Possession without interruption and in the usual and

ordinary course, and to receive, process, honor and pay any and all checks and drafts drawn on, or electronic transfer requests made on, said account after the Petition Date by the holders or makers thereof, as the case may be; provided however, that any check drawn or issued by the Debtor before the Petition Date may be honored by any bank only if specifically authorized by order of this Court; and it is further

**ORDERED** that nothing contained herein shall prevent the Debtor, upon notice to the United States Trustee, from opening any new bank accounts or closing any Bank Accounts as they may deem necessary and appropriate; and it is further

**ORDERED** that the Debtor will comply with Section 345(b) of the Bankruptcy Code; and it is further

**ORDERED** that notwithstanding the relief granted in this Order, any payment made by the Debtor pursuant to the authority granted herein shall be subject to the orders approving entry into the Debtor-in-Possession Financing and Authorizing Continued Use of Cash Collateral; and it is further

**ORDERED** that notwithstanding any applicability of Federal Rule of Bankruptcy Procedure 6004(g), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

**ORDERED** that this Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

.

**Signed on October 03, 2013**

                                         **/s/ Walter Shapero**
                                         **Walter Shapero**

3
4816-7578-6774.3

13-58200-wsd    Doc 34    Filed 10/03/13    Entered 10/03/13 15:32:43    Page 3 of 4

United States Bankruptcy Judge