THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| GROEB FARMS, INC. ) | Case No. 13-58200 |
| ) | |
| Debtor. ) | Honorable Walter Shapero |
| ) | |

**FIRST DAY ORDER PURSUANT TO SECTIONS 105(a), 363(b), AND 507(a) OF THE BANKRUPTCY CODE AUTHORIZING (I) PAYMENT OF WAGES, COMPENSATION, AND EMPLOYEE BENEFITS; (II) CONTINUATION OF EMPLOYEE BENEFIT PROGRAMS; AND (III) FINANCIAL INSTITUTIONS TO HONOR AND PROCESS CHECKS AND TRANSFERS RELATED THERETO**

Upon the Debtor's Motion for Order Pursuant to Sections 507(a), 363(b), and 105(a) of the Bankruptcy Code Authorizing (i) Payment of Wages, Compensation, and Employee Benefits, (ii) continuation of Employee Benefit Programs, and (iii) Financial Institutions to Honor and Process Checks and Transfers Related Thereto (the "Motion"), filed by the Debtor, seeking entry of an order authorizing the Debtor to (a) continue certain employee compensation and benefits programs, and (b) pay certain prepetition compensation and benefit claims, all as more fully described in the Motion; and the Court having jurisdiction pursuant to sections 157 and 1334 of title 28 of the United States Code to consider the Motion and the relief requested therein; and venue being proper in this Court pursuant to sections 1408 and 1409 of title 28 of the United States Code; and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Motion is necessary to avoid immediate and irreparable harm to the Debtor and its estate, as contemplated by Bankruptcy Rule 6003; and the Court having determined that the relief sought in the Motion

is in the best interests of the Debtor, its creditors, and all parties in interest; and the Court having heard the evidence and statements of counsel regarding the Motion and having determined that the legal and factual bases set forth in the Motion and establish just cause for the relief granted herein, it is therefore

ORDERED that the Motion is GRANTED; and it is further

ORDERED that, pursuant to sections 507(a), 363(b), and 105(a) of the Bankruptcy Code, the Debtor is authorized, but not required, to satisfy, in its sole discretion, all prepetition obligations without further Order of the court, with respect to Employee Obligations[1], including without limitation, the Wage Obligations, the Payroll Taxes, the Expense Reimbursements, and other Employee Benefits; and it is further

ORDERED that the Debtor is authorized, but not required, to continue to honor, in its sole discretion, its practices, programs, and policies with respect to the Employees as such practices, programs, and policies were in effect as of the date of the commencement of the Debtor's chapter 11 case, including, but not limited to the Employee Benefits; and it is further

ORDERED that the Debtor is authorized, but not required, to pay, in its sole discretion, costs and expenses incidental to the payment of the Employee Obligations, including the Administrative Fees, Payroll Service Fees and all other administration and processing costs and payments to outside professionals and companies, in the ordinary course of business, in order to facilitate the administration and maintenance of the Debtor's programs and policies related to the Employee Obligations; and it is further

ORDERED that all applicable banks and other financial institutions (the "Banks") are authorized, when requested by the Debtor, in its sole discretion, to receive, process, honor,

---

[1] All capitalized terms used, but no otherwise defined herein, shall have the meanings ascribed to such terms in the Motion.

and pay any and all checks drawn on the Debtor's payroll or disbursement accounts and any other transfers that are related to Employee Obligations and the costs and expenses incident thereto, whether those checks were presented prior to or after the date of the commencement of the Debtor's chapter 11 case, provided that sufficient funds are available in the accounts to make such payments; and it is further

ORDERED that any Bank may rely on the representations of the Debtor with respect to whether the Bank should honor any check or other transfer drawn or issued by the Debtor prior to the Petition Date pursuant to this Order, and such Bank shall not have any liability to any party for relying on such representations by the Debtor as provided for in this Order; and it is further

ORDERED that the Debtor is authorized (consistent with this Order), but not required, in its sole discretion, to issue postpetition checks or to effect postpetition fund transfer requests in replacement of any checks or fund transfer requests related to Employee Obligations dishonored or rejected as a consequence of the commencement of the Debtor's chapter 11 case; and it is further

ORDERED that nothing in the Motion or this Order shall be construed as impairing the Debtor's right to contest the validity or amount of any Employee Obligations, including, without limitation, Payroll Taxes that may be due to any taxing authority; and it is further

ORDERED that the debtor shall comply with section 507(a) with respect to all Employee obligations hereunder; and it is further

ORDERED that nothing in the Motion shall be deemed a request by the Debtor for authority to assume, and nothing in this Order shall be deemed authorization to assume, any

3

executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code; and it is further

ORDERED that notwithstanding the relief granted in this Order, any payment made by the Debtor pursuant to the authority granted herein shall be subject to the orders approving entry into the Debtor-in-Possession Financing and Authorizing Continued Use of Cash Collateral; and it is further

ORDERED that notwithstanding any applicability of Bankruptcy Rules 6004(h), 7062, or 9014, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED that entry of this Order is necessary to avoid immediate and irreparable harm and the requirements under Bankruptcy Rule 6003 have been satisfied; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rules 4001(d) and 6004(a) are waived.

.

**Signed on October 03, 2013**

            **/s/ Walter Shapero**
           **Walter Shapero**
           **United States Bankruptcy Judge**

4

13-58200-wsd Doc 35 Filed 10/03/13 Entered 10/03/13 16:14:40 Page 4 of 4