THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| GROEB FARMS, INC. ) | Case No. 13-(_____) |
| ) | |
| Debtor. ) | Tax I.D. No. 38-2778390 |
| ) | |

**FIRST DAY ORDER PURSUANT TO SECTIONS 105(a), 363(b) AND 364(b) OF THE BANKRUPTCY CODE, AUTHORIZING TO PAY THE PREPETITION CLAIMS OF CERTAIN POTENTIAL LIENHOLDERS**

Upon the Debtor's Motion for Order Pursuant to Sections 105(a), 363(b) and 364(b) of the Bankruptcy Code Authorizing to Pay the Prepetition Claims of Certain Potential Lienholders (the "Motion")[1], the Court having jurisdiction over this matter; and it appearing that notice of the Motion has been provided which the Court finds sufficient and that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Motion is necessary to avoid immediate and irreparable harm to the Debtor and its estate, as contemplated by Bankruptcy Rule 6003; and it further appearing that the relief requested in the Motion is in the best interest of the Debtor, its estate and creditors; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefore, it is hereby

ORDERED that the Motion be, and hereby is, granted; and it is further

ORDERED that the Debtor is authorized, but not directed, in its discretion to pay the pre-petition claims of the Lienholders; and it is further

---

[1] Capitalized terms not otherwise defined shall have the definition assigned to them in the Motion.

ORDERED that each recipient of a payment of a Lienholder Claim (a "<u>Lienholder Payment</u>") is hereby required to: (a) continue to extend normalized trade credit and provide other business terms on a post-petition basis (consistent with past practices), including with respect to any applicable credit limits, the pricing of goods and services and the provision of equivalent levels of service, on terms at least as favorable as those extended prepetition or on such other terms that are acceptable to the Debtor in its business judgment, until the Debtor emerges from chapter 11; (b) not file of record in any jurisdiction (whether federal, state or in any subdivision of a state), or otherwise assert against the Debtor, its chapter 11 estate or against any of its property, a lien (whether statutory or otherwise) or security interest relating in any manner to the Lienholder Claims satisfied through the Lienholder Payment; (c) release any and all liens on property in which the Debtor has an interest which is in the Lienholder's possession or control; and (d) release to the Debtor as requested goods or other assets of the Debtor in the Lienholder's possession (collectively, the "<u>Trade Terms</u>"); and it is further

ORDERED that if a Lienholder accepts a Lienholder Payment and fails to provide the Debtor with the requisite Trade Terms, then (a) any Lienholder Payment received by the Lienholder may at the Debtor's discretion be deemed an unauthorized post-petition transfer under section 549 of the Bankruptcy Code that the Debtor may either (i) recover from the Lienholder in cash or goods or (ii) at the Debtor's option, apply against any outstanding administrative claim held by such Lienholder; (b) upon recovery of any Lienholder Payment, the corresponding prepetition claim of the Lienholder will be reinstated in the amount recovered by the Debtor, less the Debtor's reasonable costs to recover such amounts; (c) the Debtor shall have all rights to challenge the validity, priority or extent of the Lienholders' lien or interest and the validity and amount of the related claim; and (d) the Debtor shall have all rights to seek to avoid

as fraudulent or preferential or otherwise any lien or interest held by the Lienholder; and it is further

ORDERED that the Debtor may enter into agreements or make notations upon its checks or in wire transfer remittance documentation noting the application of the Trade Terms. However, the Trade Terms shall apply to each and every recipient of a Lienholder Payment without the need for any such documentation; and it is further

ORDERED that all Banks are authorized and directed, when requested by the Debtor in the Debtor's sole discretion, to receive, process, honor and pay any and all checks presented for payment of, and to honor all fund transfer requests made by the Debtor related to, Lienholder Claims, whether such checks were presented or fund transfer requests were submitted prior to or after the Petition Date, provided that sufficient funds are available in the applicable accounts to make the payments; and it is further

ORDERED that the relief granted herein shall not constitute an approval, assumption, or rejection of any Lienholder related agreement or policy pursuant to section 365 of the Bankruptcy Code; and it is further

ORDERED that nothing in this Order or the Motion shall be construed as prejudicing any rights the Debtor may have to contest the amount or basis of any prepetition or postpetition obligations relating to the Lienholders; and is further

ORDERED that notwithstanding the relief granted in this Order, any payment made by the Debtor pursuant to the authority granted herein shall be subject to the orders approving entry into the Debtor-in-Possession Financing and Authorizing Continued Use of Cash Collateral; and it is further

ORDERED that entry of this Order is necessary to avoid immediate and irreparable harm and the requirements under Bankruptcy Rule 6003 have been satisfied; and it is further

ORDERED that notwithstanding the possible applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED that the Debtor shall only make the Lienholder Payments as necessary; and it is further

ORDERED that the Lienholder Payments shall not exceed $235,000.00, absent further order of this Court; and it is further

ORDERED that this Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and/or interpretation of this Order.

.

**Signed on October 03, 2013**

                                               **/s/ Walter Shapero**
                                   **Walter Shapero**
                                   **United States Bankruptcy Judge**