THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GROEB FARMS, INC. | ) | Case No. 13-58200 |
| | ) | |
| Debtor. | ) | Honorable Walter Shapero |
| | ) | |

**FIRST DAY ORDER PURSUANT TO 11 U.S.C. 105(A) AND 363(C)
AUTHORIZING THE DEBTOR TO HONOR PREPETITION OBLIGATIONS
TO CUSTOMERS AND OTHERWISE CONTINUE CUSTOMER PROGRAMS
IN THE ORDINARY COURSE OF BUSINESS**

Upon the motion (the "Motion") of the Debtor and Debtor-in-possession in the above captioned case (collectively, the "Debtor"), pursuant to sections 105(a) and 363(c) of title 11 of the United States Code (the "Bankruptcy Code"), for an order authorizing, but not directing, the Debtor to (i) honor their prepetition obligations to their customers under existing customer programs (collectively, the "Customer Programs") as they, in their sole discretion, deem advisable; and (ii) continue, renew, replace, implement, modify and/or terminate those Customer Programs as they see fit, in the ordinary course of their business and without further application to the Court, and due and sufficient notice of the Motion having been given; and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Motion is necessary to avoid immediate and irreparable harm to the Debtor and its estate, as contemplated by Bankruptcy Rule 6003; and it appearing that the relief requested by this Motion is in the best interests of the estate, the creditors, and other parties in interest; and after due deliberation and sufficient cause appearing therefore, it is hereby

ORDERED that the Motion is granted; and it is further

ORDERED that the Debtor is authorized, but not obligated, to honor all prepetition obligations relating to the Customer Programs as set forth in the Motion, in the ordinary course of its business, in the same manner and on the same basis as the Debtor honored such obligations prior to commencement of this chapter 11 case; and it is further

ORDERED that pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, the Debtor is authorized, but not obligated, to continue its Customer Programs in the ordinary course of business in the same manner and on the same basis as the Debtor implemented and maintained prior to the commencement of this chapter 11 case; and it is further

ORDERED that nothing in this Order or the Motion shall be construed as prejudicing any rights the Debtor may have to contest the amount or basis of any prepetition or postpetition obligations relating to the Customer Programs; and it is further

ORDERED that the relief granted herein shall not constitute an approval, assumption, or rejection of any Customer Program or related agreement or policy pursuant to section 365 of the Bankruptcy Code; and it is further

ORDERED that entry of this Order is necessary to avoid immediate and irreparable harm and the requirements under Bankruptcy Rule 6003 have been satisfied; and it is further

ORDERED that notwithstanding the relief granted in this Order, any payment made by the Debtor pursuant to the authority granted herein shall be subject to the orders approving entry into the Debtor-in-Possession Financing and Authorizing Continued Use of Cash Collateral; and it is further

ORDERED that notwithstanding any applicability of Bankruptcy Rules 6004(h) or 9014, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED that that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rules 4001(d) and 6004(a) are waived.

ORDERED that this Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and/or interpretation of this Order.

.

**Signed on October 03, 2013**

                                      **/s/ Walter Shapero**
                              **Walter Shapero**
                              **United States Bankruptcy Judge**