In re:

GROEB FARMS, INC.,

       Debtor.                              Case No. 13-58200

                                                       Hon. Walter Shapero

                                                       Chapter 11

**FIRST DAY ORDER ESTABLISHING BAR DATE FOR FILING
PROOFS OF CLAIM, INCLUDING 503(B)(9) CLAIMS, AND
APPROVING FORM AND MANNER OF NOTICE THEREOF**

      This matter coming before the Court on the Motion of the Debtor and Debtor in Possession for an Order Establishing Bar Date for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof (the "Motion"); the Court having reviewed the Motion and all related pleadings and having heard the statements of counsel with respect to the relief requested in the Motion at a hearing, if any, before the Court (the "Hearing"); the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and (c) notice of the Motion and the Hearing was sufficient under the circumstances; and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing, if any, establish good cause for the relief granted herein;

      **NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

    1.     All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

    2.     The Motion is GRANTED in its entirety.

3. The Bar Date Notice (attached to the Motion as <u>Exhibit 6-A</u>, as amended by <u>Exhibit A</u> to the Amended Bar Date Notice Filing, filed on October 4, 2013) and the Proof of Claim Form substantially in the form of Official Form No. 10 with slight modifications and Instructions (attached to the Motion as <u>Exhibit 6-B</u>) and the manner of providing notice of the General Bar Date and Governmental Bar Date proposed in the Motion, are approved.

4. Except as provided in Paragraphs 5 through 7 of this Order, the General Bar Date is hereby established as November 4, 2013, contingent upon the Debtor filing its Schedules and Statements of Financial Affairs on or before October 15, 2013, and the Governmental Bar Date is hereby established as March 31, 2014. All Entities holding a pre-petition Claim or interest (except as set forth in Paragraphs 5 and 6 below), must file a proof of claim so that such proof of claim is received by the KCC no later than 4:00 p.m., Pacific Time, on the General Bar Date or the Governmental Bar Date as Applicable, provided that entities holding claims under Section 503(b)(9) of the Bankruptcy Code may file motions requesting approval of such claims (instead of proofs of claim) if they wish before the General Bar Date. For any proof of claim to be validly and properly filed, a signed original of the completed Proof of Claim Form, together with accompanying documentation, must be timely delivered to KCC in person or by courier, hand delivery or in accordance with this Order and the Bar Date Notice. **Facsimile submissions will not be accepted**. Proofs of claim shall be deemed filed when actually received by KCC . The holder of any claim or interest required to be filed pursuant to the provisions of this Order, including any Entity holding a claim under Section 503(b)(9), and not filed on or before the applicable bar date, shall not be treated as a creditor or interest holder with respect to any claim or interest.

5. The following Entities are not required to file a proof of claim in these chapter 11 cases with respect to a Claim against the Debtor: (a) Entities who or which have already properly filed a proof of claim against the Debtor with respect to such Claim; (b) Entities whose Claims are listed in the Schedules and are not listed as "disputed," "contingent" or "unliquidated" in the Schedules and who agree with the nature, classification and amount of their Claims as set forth in the Schedules; and (c) Entities whose Claims have previously been allowed by, or paid pursuant to, an order of this Court.

6. Governmental entities are not bound by the General Bar Date pursuant to Section 502(b)(9) of the Bankruptcy Code. Pursuant to Section 502(b)(9), the bar date for claims by a governmental unit shall be March 31, 2014.

7. If, subsequent to the mailing of the Bar Date Notice, the Debtor amends the Schedules to adversely change or alter a Claim against the Debtor in any way, then the affected claimant shall have the later of the General Bar Date or 30 days from the date of service of notice thereof to file a proof of claim or to amend any previously filed proof of claim with respect to such amended scheduled Claim (the "Amended Schedule Bar Date").

8. The Debtor shall retain the right to (a) dispute or assert offsets or defenses against any filed Claim or any Claim listed or reflected in the Schedules (or which may subsequently be listed in any Schedules for any subsidiary or affiliate for which such proof of claim is deemed filed) as to nature, amount, liability, classification or otherwise; or (b) subsequently designate any Claim as disputed, contingent or unliquidated; *provided, however,* that if the Debtor amends the Schedules to adversely change or alter a scheduled Claim or interest against the Debtor in any way, then the affected claimant shall have until 4:00 p.m. prevailing Pacific Time, on the Amended Schedule Bar Date by which KCC must actually receive a proof of claim with respect to such amended scheduled Claim.

9. Any Entity that is required to file a proof of claim in this chapter 11 case (pursuant to the Bankruptcy Code, the Bankruptcy Rules or this Order) with respect to a particular Claim against the Debtor, but that fails to do so in a timely manner, shall be forever barred, estopped and enjoined from: (a) asserting any interest in the Debtor or any Claim against the Debtor that such Entity has that (i) is an amount that exceeds the amount, if any, that is set forth in the Schedules as undisputed, noncontingent and liquidated or (ii) is of a different nature or in a different classification (any such Claim being referred to as an "Unscheduled Claim"); and (b) voting upon, or receiving distributions under, any plan or plans of reorganization in these cases in respect to such claim or interest or to an Unscheduled Claim.

10. The Debtor shall serve on all known Entities holding potential Interests or Pre-petition Claims: (a) the Bar Date Notice, substantially in the form (attached to the Motion as Exhibit 6-A); (b) a Proof of Claim Form, substantially in the form of Official Form No. 10 and instructions on completing the Proof of Claim Form, substantially in the form accompanying Official Form No. 10 (attached to the Motion as Exhibit 6-B); and (c) with respect to Claims

scheduled as disputed, contingent or unliquidated the Rule 1007-1(c) Notice (to the extent not already given) (collectively, the "Notice Package").

11. The Notice Package shall be mailed by first class U.S. Mail, postage prepaid, to all known potential claimants not less than 21 days before the General Bar Date, established as provided herein.

12. If the Debtor files its Schedules and Statement of Financial Affairs on or before October 15, 2013, the Debtor shall send the Schedule Filing Notice (attached to the Motion as Exhibit 6-C) as soon as practicable after the Schedule Filing Date.

13. The Debtor shall publish a notice of the Bar Dates (the "Publication Notice") (attached to the Motion as Exhibit 6-D, as amended by Exhibit B of the Amended Bar Date Notice Filing, filed on October 4, 2013), by October 10, 2013, or as soon thereafter as is practicable, in the national edition of *The Wall Street Journal – National Edition* and *The Detroit Free Press*. Such publication shall be and is hereby deemed to be sufficient under all applicable law and notice provided through such publication shall be binding on all unknown creditors or interest holders.

14. Nothing set forth herein or in the Motion shall preclude the Debtor from objecting to any Claim, whether scheduled or filed, on any grounds.

15. The notice procedures provided for herein and in the Motion constitute sufficient notice to all creditors and interest holders of the General Bar Date and the Governmental Bar Date, and comply with all applicable provisions of the Bankruptcy Code and Bankruptcy Rules.

16. Notwithstanding any applicability of Bankruptcy Rules 6004(g), 7062, or 9014, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

17. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rules 4001(d) and 6004(a) are waived.

.

**Signed on October 04, 2013**

                                                **/s/ Walter Shapero**
                                    **Walter Shapero**
                                    **United States Bankruptcy Judge**

18.