THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GROEB FARMS, INC. | ) | Case No. 13-58200 |
| | ) | |
| Debtor. | ) | Honorable Walter Shapero |
| | ) | |

### ORDER AUTHORIZING ENGAGEMENT OF KURTZMAN CARSON CONSULTANTS LLC AS CLAIMS, NOTICING AND BALLOTING AGENT *NUNC PRO TUNC* TO THE PETITION DATE

Upon the Debtor's Motion for Entry of an Order Pursuant to 28 U.S.C. § 156(c) and Bankruptcy Rule 2002 Authorizing Engagement of Kurtzman Carson Consultants LLC ("KCC") as Claims, Noticing, and Balloting Agent, *nunc pro tunc* to the Petition Date (the "Motion")[1]; and upon consideration of the Gershbein Affidavit; and due and sufficient notice of the Application having been given under the particular circumstances; and the Court having jurisdiction pursuant to sections 157 and 1334 of Title 28 of the United States Code to consider the Application and the relief requested therein; and venue being proper in this Court pursuant to sections 1408 and 1409 of Title 28 of the United States Code; and it appearing that no other or further notice need be provided; and it appearing that the relief requested in the Application is in the best interest of the Debtor, its estate, creditors, and other parties in interest; and after due deliberation and sufficient cause appearing therefore;

---

[1] Capitalized terms used and not otherwise defined herein shall have the meaning ascribed thereto in the Motion.

**IT IS HEREBY ORDERED** that:

1. The Motion is GRANTED

2. The Debtor is authorized to engage KCC on the terms and conditions of the Engagement Agreement attached to the Motion.

3. The terms of the Engagement Agreement are approved subject to the terms of this Order.

4. KCC is authorized to provide the services set forth in the Motion and Engagement Agreement and is appointed as agent for the office of the Clerk of this Court (the "<u>Clerk's Office</u>") and, as such, is designated as the authorized repository for all proofs of claims filed in this case and is authorized and directed to maintain official claims registers for the Debtor and to provide the Clerk's Office with a certified duplicate thereof as the Clerk's Office may direct.

5. KCC shall not be required to file applications for compensation with the Court. KCC shall submit monthly invoices to the Debtor, with copies to the Debtor's counsel, the United States Trustee and counsel for any official committees formed in this case. The Debtor is authorized to pay KCC's invoices if no objections to the invoices have been received within fifteen (15) days of service.

6. Pursuant to section 503(b)(1)(A) of the Bankruptcy Code, the fees and expenses of KCC incurred pursuant to the Engagement Agreement shall be an administrative expense of the Debtor's estate.

7. The Debtor and KCC are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

2
4814-2484-7126.1

8. The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order, including any disputes relating to KCC's invoices and compensation.

.

**Signed on October 04, 2013**

                                             **/s/ Walter Shapero**
                                      **Walter Shapero**
                                      **United States Bankruptcy Judge**

9.