THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                  )   Chapter 11
                                        )
GROEB FARMS, INC.                       )   Case No. 13-58200
                                        )
           Debtor.                      )   Honorable Walter Shapero
                                        )

**DEBTOR'S *EX PARTE* MOTION FOR AN ORDER PURSUANT TO
LOCAL RULE 9013-4
ESTABLISHING HEARING DATES**

The debtor and debtor in possession in the above-captioned case (the "Debtor"), by its counsel, Foley & Lardner LLP, files this motion (the "Motion") for entry of an order pursuant to Rule 9013-4 of the Local Rules for the United States Bankruptcy Court for the Eastern District of Michigan (the "Local Rules"), establishing fixed dates and times for hearings to consider motions and contested matters in this case, which has been designated a Large Bankruptcy Case under the Local Rules. In support of this Motion, the Debtor respectfully represents as follows:

**Jurisdiction**

1.  This Court has jurisdiction to hear the Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § l57(b)(2)(A).

2.  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.  The statutory basis for the relief requested herein is section 105(a) of the Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code") and Rule 2002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## Background

4. On October 1, 2013 (the "Petition Date"), the Debtor filed a petition for relief under chapter 11 of the Bankruptcy Code, in the United States Bankruptcy Court for the Eastern District of Michigan. The Debtor intends to continue in possession of its property and to manage its business as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed and no committees have been appointed or designated in the Debtor's chapter 11 case.

5. The Debtor was formed in 1981 and is the country's leading processor and packager of honey for food manufacturers and food service companies.

6. Additional factual background relating to the Debtor, including its corporate structure, business operations, the circumstances leading to the filing of the chapter 11 case, and the Debtor's existing indebtedness, is set forth in detail in the Declaration of Jack Irvin filed in support of the chapter 11 petition and first day motions [Docket No. 15].

## Relief Requested

7. Given the numerous parties in interest and the size and complexity of this chapter 11 case, which the Court has designated as a "Large Bankruptcy Case" pursuant to an order entered October 4, 2013, the Debtor respectfully requests, pursuant to Local Rule 9013-4, the entry of an order scheduling regular bi-weekly hearings (the "Omnibus Hearings") on the following dates:

October 24, 2013

November 7, 2013

November 21, 2013

December 5, 2013

December 19, 2013

**Basis for Relief**

8. The Bankruptcy Code, the Bankruptcy Rules, and the Local Rules provide the Debtor and the Court with authority to establish certain case management procedures.

9. The Local Rules support entry of an order granting the requested relief. Local Rule 9013-4 authorizes the Court to enter an order establishing fixed dates and times as the scheduled hearing date and time for consideration of motions and contested matters in Large Bankruptcy Cases. As explained above, the Debtor's case has been designated as a "Large Bankruptcy Case."

10. Section 105(a) of the Bankruptcy Code grants bankruptcy courts broad authority and discretion to enforce the provisions of the Bankruptcy Code either under specific statutory grant or under equitable common law principles. Specifically, section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a). Furthermore, section 102(1) of the Bankruptcy Code states that where the Bankruptcy Code provides for an action to occur "after notice and a hearing," such action may occur "after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances." 11 U.S.C. § 102(1)(A).

11. The Debtor believes that establishing the dates and times for the Omnibus Hearings will promote the efficient and orderly administration of this case and will introduce predictability to the scheduling of hearings related to motions and contested matters in this case. Moreover, early notice to all parties in interest of the Omnibus Hearings will enable parties to plan efficiently for the use of hearing time and will lessen the burden on the Court and on the Debtor's estate. The Debtor in this case is under an obligation under its Restructuring Support Agreement to, among other things, achieve confirmation of its chapter 11 plan by December 26,

2013. The scheduling of the requested hearings will facilitate achievement of the Debtor's restructuring on the required timeline.

12. Under Local Rule 9013-4(b), if the Court establishes fixed dates, various procedures will apply unless the Court orders otherwise. These procedures include that pursuant to Local Rule 9013-4(b)(2), any motion or contested matter filed and properly served in accordance with applicable rules and as to which the applicable response time will elapse at least 3 business days before a fixed hearing date, may be set for hearing on such a fixed hearing date. Meanwhile, Local Rule 9014-1(e) provides that reply briefs may be filed not less than 3 business days before a hearing on a motion. The effect of these two rules in concert could be to deprive parties of their ability to file reply briefs. To avoid this result, the Debtor also requests that the Court order that reply briefs may be filed the day prior to a fixed hearing date.

13. Notwithstanding the Omnibus Hearings, the Debtor and other parties in interest will still have the opportunity to bring urgent matters before the Court on an expedited basis pursuant to the Federal Rules of Bankruptcy Procedure and Local Rules.

14. The relief sought herein is requested on an *ex parte* basis. In light of the nature of the relief requested, the Debtor submits that no notice is required.

15. No previous motion for the requested relief has been made to this or any other court.

WHEREFORE, the Debtor respectfully requests the Court enter an order substantially in the form attached as **Exhibit 1** granting the relief requested in this Motion and such other and further relief as is just and proper.

Dated: October 9, 2013
Detroit, Michigan

FOLEY & LARDNER LLP

/s/ John A. Simon
Judy A. O'Neill (P32142)
John A. Simon (P61866)
Tamar N. Dolcourt (P73425)
One Detroit Center
500 Woodward Ave., Suite 2700
Detroit, MI 48226-3489
(313) 234-7100 (Telephone)
(313) 234-2800 (Facsimile)

*Counsel for the Debtor and Debtor in Possession*