THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GROEB FARMS, INC. | ) | Case No. 13-58200 |
| | ) | |
| Debtor. | ) | Honorable Walter Shapero |
| | ) | |

**EX-PARTE MOTION TO EXPEDITE DEADLINE FOR OBJECTIONS TO AND HEARING ON DEBTOR'S DISCLOSURE STATEMENT**

Groeb Farms, Inc., as debtor and debtor-in-possession (the "Debtor"), by and through its proposed counsel, Foley & Lardner LLP, hereby moves the Court (this "Motion") for entry of an order expediting the deadline to object to the and the hearing on the Debtor's Disclosure Statement, filed with this Court on October 1, 2013, and respectfully represents as follows:

**Jurisdiction and Venue**

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The predicates for the relief requested herein are Bankruptcy Rule 9006(c)(1) and Local Rule 9006-1(b).

**Background**

3. The Debtor filed a voluntary petition for relief pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") on October 1, 2013 (the "Petition Date"). The

Debtor is continuing in the management of its business and affairs as debtors-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases.

4. The Debtor was formed in 1981 and is the country's leading processor and packager of honey for food manufacturers, food service companies, and retail customers.

5. The Debtor is headquartered in Onsted, Michigan. The Debtor also operates a honey processing facility in San Bernardino, California, and maintains a testing lab in Belleview, Florida.

6. The Debtor has approximately 76 full time employees, 8 contractors hired through staffing services, and 4 part time employees. Approximately 47 of the employees are in Michigan, 25 are in California, 2 are in Georgia, and 2 are in Florida. For the fiscal year ended December 31, 2012 the Debtor had net sales from continuing operations of approximately $137.8 million.

7. On or about July 24, 2013, the Debtor hired Houlihan Lokey Capital, Inc. ("Houlihan") to assist with the assessment and implementation of strategic alternatives for the business. Thereafter, Houlihan undertook an extensive marketing effort, including reaching out to 165 potentially interested parties, including strategic and financial buyers and capital providers. Houlihan secured Confidentiality Agreements from 75 parties and submitted a Confidential Information Memorandum to those parties. As part of the marketing process, Houlihan requested the submission of Indications of Interest ("IOIs") on or before September 18, 2013.

8. The Debtor received eight written IOIs, including a proposal from Honey Financing Company, LLC ("Honey Financing"), an affiliate of Peak Rock Capital, to restructure

2
4846-6141-6726.3
13-58200-wsd    Doc 70    Filed 10/09/13    Entered 10/09/13 16:05:05    Page 2 of 6

the obligations of the Debtor and acquire the equity of the reorganized Debtor pursuant to the chapter 11 Plan of Reorganization (the "Plan") filed contemporaneously herewith. After reviewing the IOIs, the Debtor determined that the proposal from Honey Financing was the best overall offer based on the following factors, among others: (1) the Debtor's financing needs and lending arrangements; (2) the speed and certainty of closing the transaction; and (3) the total overall value to be provided to all stakeholders as a result of the transaction. Therefore, the Debtor elected to pursue the transaction with Honey Financing. The Debtor entered into the Restructuring Support Agreement in connection with the offer (the "Honey Financing RSA").

9. Also on September 18, 2013, HC Capital Holding 0909A ("HC"), an affiliate of Honey Financing, purchased the Wells debt, and became the Debtor's senior secured lender.

10. In order to further bolster its restructuring efforts, the Debtor executed a Restructuring Support Agreement with its senior subordinated debt holders, Argosy Investment Partners II, L.P, and Marquette Capital Fund I, LP (the "Senior Subordinated Debt RSA").

11. The Debtor has also entered into a Restructuring Support Agreement with the interim class action co-lead counsel in the Putative Class Action (the "Putative Class Action RSA" and collectively with the Honey Financing RSA and the Senior Subordinated Debt RSA, the "RSAs").

12. The Debtor filed this chapter 11 case in order to affect the restructuring transaction as defined in the RSAs.

13. Additional factual background relating to the Debtor, including its corporate structure, business operations, the circumstances leading to the filing of the chapter 11 case, the Restructuring Agreement and the Debtor's existing indebtedness, is set forth in detail in the Irvin Declaration, filed concurrently herewith and fully incorporated herein by reference.

**Relief Requested**

14. The Debtor requests that this Court, in its discretion under Bankruptcy Rule 9006(c)(1), enter an order shortening the notice period for filing objections to and setting a hearing on the Disclosure Statement and set the date of the hearing on the Disclosure Statement for November 7, 2013, or as soon thereafter as the Court may hear the matter.

**Basis for Relief Requested**

15. Rule 2002(b) of the Federal Rules of Bankruptcy provides that the Debtor must provide parties in interest twenty eight (28) days' notice for the deadline to object to and the hearing to approve the Disclosure Statement. Bankruptcy Rule 9006(f) adds three additional days for mailing.

16. The Court is allowed to reduce the notice period for the hearing on the Disclosure Statement pursuant to Bankruptcy Rule 9006(c)(1), which provides that "the court for cause shown may in its discretion with or without motion or notice order the period [for notice] reduced."

17. Local Rule 9006-1(b) allows the Debtor to file a motion seeking the relief requested herein.

18. The hearing on the Disclosure Statement should be expedited because of the tight timelines in this case. Under the RSAs, the Debtor is required to meet certain milestones, including having a hearing on the Disclosure Statement by November 7, 2013 (36 days after the Petition Date), and to have its Plan of Reorganization confirmed within 88 days of the Petition Date. These timelines are dictated by the Debtor's concern that a long bankruptcy proceeding will harm its business. The Debtor's vendors and customers have been reassured by the fact that the case is likely to end very quickly, and that when the Debtor emerges, it will be in a better

financial position than it has been in the recent past. Similarly, the Debtor's employees, both hourly and salaried, have thus far remained with the Debtor, in part because they understand the bankruptcy process is likely to be short. Delay will cause additional expense and will also damage these crucial relationships, which may imperil the reorganization. Furthermore, the DIP Lender has only limited willingness to fund the cash losses that are being sustained and will continue to accrue during the bankruptcy.

19. For all these reasons, the RSAs were designed to expedite this case and lead to the Debtor's speedy emergence from bankruptcy with new funding in place. If the Debtor fails to meet any of the milestones in the RSAs, its DIP Lender, who has agreed to fund with limited timetables to minimize the damage to the business, is entitled to terminate its RSA with the Debtor. If the DIP Lender terminates its RSA and does not support the Plan, the Debtor's reorganization will likely end, leading to a liquidation of the Debtor's business. This result would detrimentally impact all of the stakeholders in this case.

20. Thus, the Debtor requests that this Court set November 4, 2013 as the deadline for any party in interest to file written objections to the Disclosure Statement, and to set the hearing to approve the Disclosure Statement on November 7, 2013.

21. This Motion seeks only a slight reduction in the notice period found in Bankruptcy Rule 2002(b). A November 4, 2013 deadline for objections would provide approximately 26 days' notice. If the hearing on the Disclosure Statement were set for November 7, 2013, there would be approximately 29 days' notice.

22. Furthermore, the Disclosure Statement and the Debtor's Motion to approve it and the associated solicitation procedures were served on the Debtor's secured creditors, the United States Trustee, and the Top 20 unsecured creditors on October 1, 2013.

23. Any burden of the slight reduction in notice to parties in interest is more than offset by enabling the Debtor to meet its obligations under the RSAs, which will keep the reorganization moving forward. This is critical to achieve a speedy reorganization which is likely to result in a significant payout to all of its creditor constituencies, and which will keep the Debtor's business operating after the case is concluded.

## Conclusion

WHEREFORE, the Debtor requests that the Court enter an order, substantially in the form attached as Exhibit 1, granting the relief requested in this Motion and granting such further relief as the Court deems appropriate.

| Dated: October 9, 2013 | Respectfully Submitted,<br>FOLEY & LARDNER LLP<br><br>By: /s/ *Judy A. O'Neill*<br>Judy A. O'Neill (P32142)<br>John A. Simon (P61866)<br>Tamar N. Dolcourt (P73425)<br>500 Woodward Ave., Ste. 2700<br>Detroit, MI 48226<br>313.234.7100<br>joneill@foley.com<br>jsimon@foley.com<br>tdolcourt@foley.com<br>*Proposed Counsel for the Debtor and Debtor in Possession* |
|---|---|