THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GROEB FARMS, INC. | ) | Case No. 13-58200 |
| | ) | |
| Debtor. | ) | Honorable Walter Shapero |
| | ) | |

**_EX PARTE_ MOTION TO SET HEARING ON DEBTOR'S (A) MOTION FOR ORDER PURSUANT TO SECTIONS 105 AND 366 OF THE BANKRUPTCY CODE (I) PROHIBITING UTILITIES FROM ALTERING, REFUSING, OR DISCONTINUING SERVICE TO THE DEBTOR**

Groeb Farms, Inc., as debtor and debtor-in-possession (the "Debtor"), by and through its counsel, Foley & Lardner LLP, hereby moves the Court (this "Motion") for entry of an order setting, and expediting as applicable, the hearing on its First Day Motion For Order Pursuant To Sections 105 And 366 Of The Bankruptcy Code (I) Prohibiting Utilities From Altering, Refusing, Or Discontinuing Service To The Debtor And (Ii) Establishing Certain Procedures To Determine Requests For Adequate Assurance Of Payment (the "Utilities Motion"), and respectfully represents as follows:

**Jurisdiction and Venue**

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The predicates for the relief requested herein are Bankruptcy Rule 9006(c)(1) and Local Rule 9006-1(b).

## Background

3. The Debtor filed a voluntary petition for relief pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") on October 1, 2013 (the "Petition Date"). The Debtor is continuing in the management of its business and affairs as debtors-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases.

4. The Debtor was formed in 1981 and is the country's leading processor and packager of honey for food manufacturers, food service companies, and retail customers.

5. The Debtor is headquartered in Onsted, Michigan. The Debtor also operates a honey processing facility in San Bernardino, California, and maintains a testing lab in Belleview, Florida.

6. Additional factual background relating to the Debtor, including its corporate structure, business operations, the circumstances leading to the filing of the chapter 11 case, the Restructuring Agreement and the Debtor's existing indebtedness, is set forth in detail in the Declaration of Jack Irvin, Jr., filed on October 1, 2013 [Dkt. No. 15].

7. On the Petition Date, the Debtor filed the Utilities Motion as a First Day Motion. Based on the record at the First Day Hearing held on October 3, 2013 and discussions with the United States Trustee, the Debtor agreed to adjourn the hearing on the Utilities Motion to allow further opportunity for parties in interest to be heard.

## Relief Requested

8. The Debtor requests that this Court, in its discretion under Bankruptcy Rule 9006(c)(1), enter an order setting the hearing on the Utilities Motion for October 24, 2013 at 11:00 a.m.

## Basis for Relief Requested

9. Under Local Rule 9014-1, parties have fourteen days to respond to a motion in most cases. Bankruptcy Rule 9006(f) adds three additional days for mailing.

10. The Court may reduce the notice period for a hearing pursuant to Bankruptcy Rule 9006(c)(1), which provides that "the court for cause shown may in its discretion with or without motion or notice order the period [for notice] reduced."

11. Local Rule 9006-1(b) further enables the Debtor to file a motion seeking the relief requested herein.

12. The Debtor requests that the Court set a hearing on the Utilities Motion in order to prevent irreparable harm to the Debtor. Section 366 of the Bankruptcy Code enables utilities to cut off services to a debtor if the debtor does not provide them with adequate assurance of future performance within 30 days of the Petition Date. Without an order granting the Utilities Motion within the first 30 days of this case, the Debtor's utility providers may cut off service to the Debtor after the 30th day of the case. The Debtor requires utility services to continue its business operations. Any disruption in these services would jeopardize the Debtor's reorganization.

13. Furthermore, setting the hearing on the Utilities Motion does not prejudice any parties in interest. Each of the Debtor's utility providers were provided notice of the Utilities Motion on October 1, 2013, with the Debtor's proposal for adequate assurance of future performance, and were also provided notice of the First Day Hearing which took place on October 3, 2013. None of the utility providers filed objections to the Utilities Motion, appeared at the First Day Hearing to object to the Utilities Motion, or have contacted Debtor's counsel to object to the relief sought in the Utilities Motion. Even if the hearing is set as requested, the utility providers will have had more than the standard fourteen day notice period to review the Utilities Motion and object to the relief sought therein if they so choose.

## Conclusion

WHEREFORE, the Debtor requests that the Court enter an order, substantially in the form attached as Exhibit 1, granting the relief requested in this Motion and granting such further relief as the Court deems appropriate.

Dated: October 11, 2013

Respectfully Submitted,
FOLEY & LARDNER LLP

By: /s/ *Tamar N. Dolcourt*
Judy A. O'Neill (P32142)
John A. Simon (P61866)
Tamar N. Dolcourt (P73425)
500 Woodward Ave., Ste. 2700
Detroit, MI 48226
313.234.7100
joneill@foley.com
jsimon@foley.com
tdolcourt@foley.com
*Counsel for the Debtor and Debtor in Possession*