**THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| GROEB FARMS, INC., | ) | Case No. 13-58200 |
| | ) | |
| Debtor. | ) | Honorable Walter Shapero |
| | ) | |

**SCHEDULES OF ASSETS AND LIABILITIES FOR GROEB FARMS, INC.**

**THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GROEB FARMS, INC., | ) | Case No. 13-58200 |
| | ) | |
| Debtor. | ) | Honorable Walter Shapero |
| | ) | |

**GLOBAL NOTES AND STATEMENT OF LIMITATIONS,
METHODOLOGY, AND DISCLAIMER REGARDING SCHEDULES
OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL
AFFAIRS OF GROEB FARMS. INC.**

The Schedules of Assets and Liabilities (collectively, the "Schedules") and the Statement of Financial Affairs (the "Statement" and, together with the Schedules the "Schedules and Statements") filed by Groeb Farms, Inc. (the "Debtor") in the United States Bankruptcy Court for the Eastern District of Michigan (the "Bankruptcy Court") have been prepared pursuant to 11 U.S.C. § 521 and Rule 1007 of the Federal Rules of Bankruptcy Procedure by management of the Debtor with the assistance of its advisors. The Schedules and Statements have been prepared by the Debtor's management exercising best efforts to ensure accuracy and completeness by legal entity based on information that was available at the time of preparation. The Schedules and Statements are unaudited and were prepared with data as near as possible to October 1, 2013 (the "Petition Date").

These Global Notes and Statement of Limitations, Methodology, and Disclaimer Regarding the Debtor's Schedules and Statements (the "Global Notes") are incorporated by reference in, and comprise an integral part of, the Schedules and Statements, and should be referred to and reviewed in connection with any review of the Schedules and Statements. The Schedules and Statements have been signed by Jack Irvin, Jr. in his capacity as an officer and/or authorized signatory of each of the Debtor. In reviewing and signing the Schedules and Statements, Mr. Irvin has necessarily relied upon the efforts, statements, and representations of other personnel of the Debtor and the Debtor's advisors. Mr. Irvin has not (and could not have) personally verified the accuracy of each such statement and representation, including statements and representations concerning amounts owed to creditors and their addresses.

**I.     Amendment and Reservation of Rights.**

(1)     While the Debtor's management has exercised best efforts to ensure that the Schedules and Statements are accurate and complete based on information that was available at the time of preparation, inadvertent errors or omissions may exist. The Debtor reserves the right to amend the Schedules and Statements from time to time as may be necessary or appropriate.

(2)     Without limiting anything else expressly reserved herein, the Debtor reserves the right to dispute, or to assert offset or defenses to, any claim reflected on the Schedules and/or Statements as to amount, liability, and/or classification. The Debtor also reserves all rights with respect to the values, amounts, and characterizations of the assets and liabilities listed in its Schedules and Statements.

## II.     General Assumptions

The Debtor adopted the following conventions in the preparation of the Schedules and Statements:

1.     <u>Reporting Date</u>. Unless otherwise indicated, all asset and liability information is listed as of the Petition Date.

2.     <u>Unaudited</u>. The books and records and the financial statements of the Debtor utilized to complete the information contained in the Schedules and Statements are unaudited.

3.     <u>Book Value</u>.

    a.     Assets and liabilities of each Debtor are shown on the basis of the net book value of the asset or liability in the Debtor's accounting books and records, unless otherwise noted, rather than the current market values of such interests in property and/or liabilities.

    b.     Amounts shown for total liabilities exclude items identified as "unknown" or "undetermined" and, thus, ultimate liabilities may differ materially from those stated in the Schedules and Statements.

    c.     Book values may not equate to their current market values.

4.     <u>Currency</u>. All amounts are reflected in U.S. dollars unless otherwise specified.

5.     <u>Estimates</u>. The books and records of the Debtor as of the Petition Date include estimates and assumptions made by management in the ordinary course that may affect the reported amounts of assets and liabilities.

6.     <u>Causes of Action</u>. Despite its reasonable efforts to identify all known assets, the Debtor may not have set forth all of its causes of action or potential causes of action against third parties as assets in its Schedules and Statements. The Debtor reserves all of its rights with respect to any claims, causes of action, and avoidance actions they may have and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any such claim, causes of action, or avoidance action or in any way prejudice or impair the assertion of such claims.

7.     <u>Property and Equipment – Leased</u>. In the ordinary course of its business, the Debtor leases property and equipment from certain third-party lessors for use in its daily operation and otherwise hold property owned by third-parties pursuant to contracts with such parties. Any such leases or contracts are set forth in Schedule G based on the Debtor's best

3

efforts. The property subject to any of such leases or contracts is not reflected in either Schedule A or Schedule B as either owned property or assets of the Debtor nor is such property reflected in the Debtor's Statements as property or assets of third-parties within the control of the Debtor. Nothing in the Schedules or Statements is or shall be construed as an admission or determination as to the legal status of any lease (including, but not limited to, whether any lease is a true lease or a financing arrangement) or contract (including, but not limited to, whether the contract is, in fact, an executory contract), and the Debtor reserves all rights with respect to any of such issues.

8. <u>Trade Accounts Receivable and Accounts Payable</u>. Trade Accounts Receivable are presented as gross balances, but without consideration for any liabilities related to mutual counterparty accounts payable, open or terminated contract liabilities, liquidated damages, setoff rights, or collateral held by the Debtor, unless otherwise stated. Likewise, Accounts Payable are shown without consideration for accounts receivable, open or terminated contracts, liquidated damages, setoff rights, or collateral that has been posted on behalf of the counterparty.

9. <u>Fully Depreciated Assets</u>. Fully depreciated assets have been included in the Schedules of the Debtor.

10. <u>Claims Description</u>. Any failure to designate a claim listed on the Debtor's Schedules as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtor that such amount is not "disputed," "contingent," or "unliquidated." The Debtor reserves the right to dispute, or to assert setoff rights, counterclaims, or defenses with respect to, any claim reflected on its Schedules as to amount, liability, or classification, or to otherwise subsequently designate any claim as "disputed," "contingent," or "unliquidated."

11. <u>Court Orders</u>. By separate orders entered by the Bankruptcy Court, the Debtor was authorized (but not directed) to pay, among other things, certain prepetition obligations of (i) customers, (ii) lienholders, (iii) employees and employee benefits, and (iv) certain taxing authorities. Consequently, certain prepetition fixed, liquidated, and undisputed priority, secured, and general unsecured claims have been or may be paid under this authority. To the extent possible, amounts are not listed in the Schedules and Statements if they have been paid, or have been listed as "contingent" or "unliquidated" based on the Debtor's best efforts to the extent payment is pending.

12. <u>Excluded Assets and Liabilities</u>. As noted above, certain liabilities expected to be paid pursuant to Bankruptcy Court orders (e.g., accrued salaries and employee benefit accruals) also were excluded from the Schedules and Statements. Additionally, other immaterial assets also may have been excluded.

13. <u>Addresses of Current Employees</u>. To protect the privacy of the Debtor's current employees, the Debtor has redacted their addresses in the Schedules and Statements.

14. <u>Recharacterization</u>. Notwithstanding the Debtor's reasonable best efforts to properly characterize, classify, categorize, or designate certain claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements, the Debtor may nevertheless have improperly characterized, classified, categorized, designated, or omitted certain items. Accordingly, the Debtor reserves all of its rights to recharacterize, reclassify,

4

recategorize, redesignate, add, or delete items reported in the Schedules and Statements at a later time as is necessary and appropriate, as additional information becomes available, including whether contracts listed herein were deemed executory as of the Petition Date and remain executory postpetition.

15. <u>Liabilities</u>. The Debtor allocated liabilities between the prepetition and postpetition periods based on the information and research conducted in connection with the preparation of the Schedules and Statements. As additional information becomes available and further research is conducted, the allocation of liabilities between the prepetition and postpetition periods may change. Accordingly, the Debtor reserves all of its rights to amend, supplement, or otherwise modify the Schedules and Statements as is necessary and appropriate.

In addition, the liabilities listed on the Schedules do not reflect any analysis of claims under section 503(b)(9) of the Bankruptcy Code. Accordingly, the Debtor reserves all of its rights to dispute or challenge the validity of any asserted claims under section 503(b)(9) of the Bankruptcy Code or the characterization of the structure of any such transaction or any document or instrument related to any creditor's claim.

16. <u>Insiders</u>. For purposes of the Schedules, the Debtor, in consultation with its advisors, have engaged in an analysis of its senior management personnel to determine which of the Debtor's employees may be considered an "insider" as defined in section 101(31)(B) of the Bankruptcy Code. Regardless of an employee's title, the Debtor and its advisors considered (a) whether a particular employee sits on the board of directors; (b) whether a particular employee is elected or appointed by the board of directors to manage daily operations (e.g., a CEO, president, secretary, or treasurer), or (c) for those employees not serving on or elected by the board of directors, whether a particular employee has a controlling interest in the Debtor or exercises sufficient authority of the Debtor so as to dictate corporate policy and the disposition of corporate assets. Based on this analysis, the Debtor, in consultation with its advisors, have determined which individuals would likely be considered "insiders" under the Bankruptcy Code, including, without limitation: (a) directors; (b) officers; (c) shareholders holding in excess of 5% of the voting shares of the Debtor (whether directly or indirectly); and (d) relatives of directors, officers or shareholders of the Debtor (to the extent known by the Debtor. Persons listed as "insiders" have been included for informational purposes only.

The Debtor does not take any position with respect to: (a) such person's influence over the control of the Debtors; (b) the management responsibilities or functions of such individual; (c) the decision-making or corporate authority of such individual; or (d) whether such individual could successfully argue that he or she is not an "insider" under applicable law, including the federal securities laws, or with respect to any theories of liability or for any other purpose.

17. <u>Intellectual Property Rights</u>. Exclusion of certain intellectual property shall not be construed as an admission that such intellectual property rights have been abandoned, terminated, assigned, expired by their terms, or otherwise transferred pursuant to a sale, acquisition, or other transaction. Conversely, inclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have not been abandoned, terminated, assigned, expired by their terms, or otherwise transferred pursuant to a sale, acquisition, or other transaction.

4820-8644-9942.1

18.    <u>Classifications</u>. Listing a claim on (a) Schedule D as "secured," (b) Schedule E as "priority," (c) Schedule F as "unsecured," or (d) listing a contract on Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtor of the legal rights of the claimant or a waiver of the Debtor's rights to recharacterize or reclassify such claims or contracts or to setoff of such claims.

19.    <u>Liens</u>. Property and equipment listed in the Schedules and Statements are presented without consideration of any liens that may attach (or have attached) to such property and equipment.

20.    <u>Global Notes Control</u>. In the event that the Schedules and Statements differ from the foregoing Global Notes, the Global Notes shall control.

**III.    Specific Schedules of Assets and Liabilities Disclosures.**

1.    <u>Schedule B(1) and B(2)</u>: Cash on Hand; Checking and Savings Accounts.  All petty cash balances are reported as book balances on Schedule B(1); the remainder of the cash balances presented on Schedule B(2) are bank balances as of September 30, 2013.

2.    <u>Schedule B(16)</u>: Accounts Receivable. Accounts Receivable are reported at gross book value as of the Petition Date.

3.    <u>Schedule B(18)</u>: Liquidated Debts and Tax Refunds. Tax refund amounts are based on estimates provided by the Debtor.

4.    <u>Schedule D</u>: Creditors Holding Secured Claims.

    a.    The descriptions provided in Schedule D are intended only to be a summary. Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent, and priority of any liens. Nothing in the Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements.

    b.    Except as otherwise agreed pursuant to a stipulation or agreed order or any other order entered by the Bankruptcy Court, the Debtor reserves its rights to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a secured creditor listed on Schedule D of any Debtor. Moreover, although the Debtor has scheduled claims of various creditors as secured claims, the Debtor reserves all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction, or any document or instrument related to such creditor's claim.

5.    <u>Schedule E</u>: Creditors Holding Unsecured Priority Claims.

a. Certain of the claims listed on the Debtor's Schedule E are claims owing to various taxing and other governmental authorities to which the Debtor may potentially be liable. However, certain of such claims may be subject to audits and the Debtor is otherwise unable to determine with certainty the amount of many, if not all, of the claims listed on Schedule E. Therefore, the Debtor has listed such claims as unknown in amount, pending final resolution of ongoing audits or other outstanding issues. The Debtor reserves its rights to dispute or challenge whether such claims are entitled to priority.

b. As stated above, the Bankruptcy Court has approved payment by the Debtor of certain employee- and employee tax-related claims, and as a result, such claims have not been included in the Debtor's Schedules.

c. The listing of any claim on Schedule E does not constitute an admission by the Debtor that such claim is entitled to priority treatment under 11 U.S.C. § 507. The Debtor reserves the right to take the position that any claim listed on Schedule E is not entitled to priority.

d. As stated above, the Debtor has redacted the addresses of its current employees to protect their privacy.

6. <u>Schedule F</u>: Creditors Holding Unsecured Non-Priority Claims.

a. Schedule F does not include certain deferred charges, deferred liabilities, or general accounting reserves. Such amounts are general estimates of liabilities and do not represent specific claims as of the Petition Date.

b. Many of the claims listed in Schedule F arose or were incurred on various dates. In certain instances, the date on which a claim arose is an open issue of fact. Although reasonable efforts have been made to identify the date of incurrence of each claim, determination of each date upon which each claim in Schedule F was incurred or arose would be unduly burdensome and cost prohibitive and, therefore, the Debtor does not list a date for each claim listed on Schedule F.

c. Schedule F contains information regarding potential, pending, and closed litigation involving the Debtor. Scheduling the litigation against the Debtor is not and shall not be construed as an admission that the counterparty has a claim against the Debtor. The Debtor expressly incorporates by reference into Schedule F all parties to pending and potential litigation listed in the Debtor's Statements and Schedules as "contingent," "unliquidated" and "disputed" claims to the extent not already listed on Schedule F.

d. The dollar amounts listed may be exclusive of contingent and unliquidated amounts. All parties to executory contracts, including those listed on

7

Schedule G, are holders of "contingent" and "unliquidated" unsecured claims arising from (i) obligations under those executory contracts, and/or (ii) rejection damages in the event that such executory contract is rejected. Not all such claims are duplicated on Schedule F.

7.  <u>Schedule G</u>: Executory Contracts.

    a.  Although reasonable efforts have been made to ensure the accuracy of Schedule G, inadvertent errors, omissions or over-inclusion may have occurred. The Debtor reserves its rights to dispute the validity, status or enforceability of any contract or other agreement set forth in Schedule G that may have expired or may have been modified, amended and supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters and other documents, instruments and agreements which may not be listed therein. It is possible that some of the contracts or agreements listed on Schedule G have expired or otherwise terminated pursuant to their terms since the Petition Date. The presence of a contract or agreement on Schedule G does not constitute an admission by the Debtor that such contract or agreement is an executory contract or unexpired lease.

    b.  Certain of the leases and contracts listed on Schedule G may contain certain renewal options, guarantees of payment, options to purchase, rights of first refusal, and other miscellaneous rights that are embedded in the Debtor's agreements. Such rights, powers, duties, and obligations are generally not set forth on Schedule G. Certain of the executory agreements may not have been memorialized and could be subject to dispute. To the best of the Debtor's knowledge, executory agreements that are oral in nature have not been scheduled.

    c.  Schedule G does not include stand-alone purchase orders for goods or equipment agreements. Additionally, the Debtor may be party to various other agreements concerning real property, such as easements, rights of way, subordination, non-disturbance, and attornment agreements, supplemental agreements, amendments/letter agreements, title documents, consents, site plans, maps, and other miscellaneous agreements. Such documents are generally not set forth in Schedule G.

    d.  The Debtor reserves its rights, claims, and causes of action with respect to the contracts and agreements listed on Schedule G, including the right to dispute or challenge the characterization or the structure of any transaction, or any document or instrument related to a creditor's claim.

    e.  Omission of a contract or agreement from this Schedule does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease. The Debtor's rights under the Bankruptcy Code with respect to any such omitted contracts or agreements

8

are not impaired by their omission. This Schedule may be amended at any time to add any omitted contract or agreement.

**IV.     Specific Statements of Financial Affairs Disclosures.**

1.      <u>Question 3c</u>: As stated above, the Debtor has redacted the addresses of its current employees to protect their privacy.

2.      <u>Question 9</u>. The Debtor's response to question 9 includes payments to the Debtor's advisors engaged for debt counseling and bankruptcy.  Some of the amounts listed also may include payments that are not directly related to debt counseling or bankruptcy.

3.      <u>Question 13</u>. The Debtor and its vendors may set-off mutual obligations in the ordinary course of business and pursuant to trade terms agreed upon by the parties which include, but are not limited to, vendor rebate deductions, customer rebates, and credit memos. The Debtor has not included any set-off made by its creditors that was made in the ordinary course of business and pursuant to the trade terms between the Debtor and such creditor.

4.      <u>Question 15</u>. Prior addresses have been listed to the extent the location is no longer occupied by the Debtor.

* * * END OF GLOBAL NOTES * * *

# United States Bankruptcy Court

## Eastern District of Michigan

In re  Groeb Farms, Inc.
_____,
        Debtor

Case No. 13-58200 _____

Chapter 11 _____

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets.  Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities.  Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 4 | $ 1970671.83 | | |
| B - Personal Property | Yes | 52 | $ 58984166.2 | | |
| C - Property Claimed as Exempt | No | 0 | | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | $ 23572607.47 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | Yes | 3 | | $ 25342.25 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 18 | | $ 20204575.72 | |
| G - Executory Contracts and Unexpired Leases | Yes | 2 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | No | 0 | | | $ 0 |
| J - Current Expenditures of Individual Debtors(s) | No | 0 | | | $ 0 |
| TOTAL | | 81 | $ 60954838.0 | $ 43799432.44 | |

# United States Bankruptcy Court

## Eastern District of Michigan

In re  Groeb Farms, Inc.                        ,          Case No.  13-58200

Debtor

Chapter  11

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C. § 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☐ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts.  You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount | |
|---|---|---|
| Domestic Support Obligations (from Schedule E) | $ | 0 |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | $ | 6853.67 |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | $ | 0 |
| Student Loan Obligations (from Schedule F) | $ | 0 |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | $ | 0 |
| Obligations to Pension or  Profit-Sharing, and Other Similar Obligations (from Schedule F) | $ | 0 |
| TOTAL | $ | 6853.67 |

**State the following:**

| | |
|---|---|
| Average Income  (from Schedule I, Line 16) | $ |
| Average Expenses (from Schedule J, Line 18) | $ |
| Current Monthly Income (from Form 22A Line 12; **OR**, Form 22B Line 11; **OR**, Form 22C Line 20 ) | $ |

**State the following:**

| | | |
|---|---|---|
| 1.  Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | $              0 |
| 2.  Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column. | $      25342.25 | |
| 3.  Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | $              0 |
| 4.  Total from Schedule F | | $ 20204575.72 |
| 5.  Total of non-priority unsecured debt (sum of 1, 3, and 4) | | $ 20204575.72 |

In re ___Groeb Farms, Inc._____,        Case No. ___13-58200_____
              **Debtor**                                                        **(If known)**

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a co-tenant, community property, or in which the debtor has a life estate.  Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit.  If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."  If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim.  See Schedule D.  If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| See Schedule A Attachment | Leasehold Improvements | | 1970671.83 | 1,970,671.83 |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | Total► | 1970671.83 | |

(Report also on Summary of Schedules.)

In re  Groeb Farms, Inc.                                    ,          Case No.  13-58200
                        **Debtor**                                                        **(If known)**

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property." If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1.  Cash on hand. | | See Schedule A Attachment | | 1970671.83 |
| 2.  Checking, savings or other finan-cial accounts, certificates of deposit or shares in banks, savings and loan, thrift, building and loan, and home-stead associations, or credit unions, brokerage houses, or cooperatives. | | | | |
| 3.  Security deposits with public util-ities, telephone companies, land-lords, and others. | | | | |
| 4.  Household goods and furnishings, including audio, video, and computer equipment. | | | | |
| 5.  Books; pictures and other art objects; antiques; stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6.  Wearing apparel. | X | | | |
| 7.  Furs and jewelry. | X | | | |
| 8.  Firearms and sports, photo-graphic, and other hobby equipment. | X | | | |
| 9.  Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | See Schedule B9 Attachment | | 0 |
| 10. Annuities.  Itemize and name each issuer. | X | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s).  11 U.S.C. § 521(c).) | X | | | |

In re  Groeb Farms, Inc.                                    ,                    Case No.   13-58200
            **Debtor**                                                                              **(If known)**

# SCHEDULE B - PERSONAL PROPERTY
## (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | | See Schedule B13 Attachment | | 0 |
| 14. Interests in partnerships or joint ventures.  Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | | |
| 16. Accounts receivable. | | See Schedule B16 Attachment | | 8824432.26 |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled.  Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds.  Give particulars. | | See Schedule B18 Attachment | | 85578 |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A – Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims.  Give estimated value of each. | | See Schedule B21 Attachment | | 7322483.56 |

In re   Groeb Farms, Inc.                              ,        Case No.   13-58200
_____                    _____
                **Debtor**                                              **(If known)**

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH- OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 22. Patents, copyrights, and other intellectual property.  Give particulars. | | See Schedule B22 Attachment | | 0 |
| 23. Licenses, franchises, and other general intangibles.  Give particulars. | | See Schedule B23 Attachment | | 29783546.95 |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | See Schedule B25 Attachment | | 142489.15 |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | | See Schedule B28 Attachment | | 69131.21 |
| 29. Machinery, fixtures, equipment, and supplies used in business. | | See Schedule B29 Attachment | | 1749214.82 |
| 30. Inventory. | | See Schedule B30 Attachment | | 9143200.75 |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed.  Itemize. | X | | | |

_____ continuation sheets attached     Total ➤      $         1970671.83

(Include amounts from any continuation
sheets attached.  Report total also on
Summary of Schedules.)

**In re** _Groeb Farms, Inc._____,        **Case No.** _13-58200_____
                    Debtor                                    *(If known)*

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:        ☐ Check if debtor claims a homestead exemption that exceeds
*(Check one box)*                                                          $146,450.*
  ☐  11 U.S.C. § 522(b)(2)
  ☐  11 U.S.C. § 522(b)(3)

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTION |
|---|---|---|---|
| None | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

* *Amount subject to adjustment on 4/1/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

In re Groeb Farms, Inc. , Case No. 13-58200
                    **Debtor**                        **(If known)**

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is the creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H – Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER *(See Instructions Above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN , AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. See Schedule D Attachment. | | | | | | | | |
| | | | VALUE $ | | | | | |
| ACCOUNT NO. | | | | | | | | |
| | | | VALUE $ | | | | | |
| ACCOUNT NO. | | | | | | | | |
| | | | VALUE $ | | | | | |
| _____continuation sheets attached | | | Subtotal ► (Total of this page) | | | | $ 0 | $ 0 |
| | | | Total ► (Use only on last page) | | | | $ 23572607.47 | $ 0 |
| | | | | | | | (Report also on Summary of Schedules.) | (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.) |

In re  Groeb Farms, Inc.
_____,          Case No. 13-58200
                Debtor                                              (if known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

TYPES OF PRIORITY CLAIMS (Check the appropriate box(es) below if claims in that category are listed on the attached sheets.)

☐ **Domestic Support Obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☑ **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $11,725* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

*\* Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

In re  Groeb Farms, Inc.                              ,     Case No.  13-58200
                    Debtor                                              *(if known)*


☐ **Certain farmers and fishermen**

  Claims of certain farmers and fishermen, up to $5,775* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).


☐ **Deposits by individuals**

  Claims of individuals up to $2,600* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided.  11 U.S.C. § 507(a)(7).


☑ **Taxes and Certain Other Debts Owed to Governmental Units**

  Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).


☐ **Commitments to Maintain the Capital of an Insured Depository Institution**

  Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution.  11 U.S.C. § 507 (a)(9).


☐ **Claims for Death or Personal Injury While Debtor Was Intoxicated**

  Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance.  11 U.S.C. § 507(a)(10).


*\* Amounts are subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*


_____ continuation sheets attached

In re  Groeb Farms, Inc. _____,    Case No. ___13-58200_____
                    **Debtor**                                              **(if known)**

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
(Continuation Sheet)

See Schedule E Attachment.

**Type of Priority for Claims Listed on This Sheet**

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| Account No.  See Schedule E Attachment. | | | | | | | | | |
| Account No. | | | | | | | | | |
| Account No. | | | | | | | | | |
| Account No. | | | | | | | | | |

Sheet no. ___ of ___ continuation sheets attached to Schedule of Creditors Holding Priority Claims

Subtotals► (Totals of this page)    $ 0 | $ 0 | 0

Total► (Use only on last page of the completed Schedule E.  Report also on the Summary of Schedules.)    $ 25342.25

Totals► (Use only on last page of the completed Schedule E.  If applicable, report also on the Statistical Summary of Certain Liabilities and Related Data.)    $ 25342.25 | $ 0

In re ___Groeb Farms, Inc._____,        Case No. ___13-58200_____
                 **Debtor**                                                        **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data..

☐  Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>See Schedule F Attachment. | | | | | | | |
| ACCOUNT NO. | | | | | | | |
| ACCOUNT NO. | | | | | | | |
| ACCOUNT NO. | | | | | | | |

____continuation sheets attached

Subtotal➤ | $ | 0

Total➤ | $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical
Summary of Certain Liabilities and Related Data.) | 20204575.72

In re  Groeb Farms, Inc.                    ,     Case No.  13-58200
_____            _____
        **Debtor**                                                    **(if known)**

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

    Describe all executory contracts of any nature and all unexpired leases of real or personal property.  Include any timeshare interests.  State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc.  State whether debtor is the lessor or lessee of a lease.  Provide the names and complete mailing addresses of all other parties to each lease or contract described.  If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐ Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST.  STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY.  STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| See Schedule G Attachment. | |
| | |
| | |
| | |
| | |
| | |

In re ___Groeb Farms, Inc._____ ,        Case No. ___13-58200_____
        **Debtor**                                              **(if known)**

# SCHEDULE H - CODEBTORS

  Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by the debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight-year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☑ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |