## IN THE UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| GROEB FARMS, INC., ) | |
| ) | Case No. 13-58200-wsd |
| Debtor. ) | |
| ) | Honorable Walter Shapero |
| ) | |

**Objection Deadline: November 6, 2013**
**Hearing Date: November 21, 2013 at 1:30 p.m.**

## MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR AN ORDER CLARIFYING THE REQUIREMENTS TO PROVIDE ACCESS TO CONFIDENTIAL OR PRIVILEGED INFORMATION

The Official Committee of Unsecured Creditors (the "Committee") of Groeb Farms, Inc. (the "Debtor") hereby moves this Court (the "Motion") for entry of an order pursuant to sections 105(a), 107(b), and 1102(b)(3)(A) of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), clarifying the requirement of the Committee to provide access to confidential or privileged information to creditors. In support of the Motion, the Committee respectfully states as follows:

### Jurisdiction

1. Jurisdiction is proper pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are sections 105(a), 107(b) and 1102 of the Bankruptcy Code.

## Background

3. On October 1, 2013 (the "Petition Date"), the Debtor filed a voluntary petition with this Court under chapter 11 of the Bankruptcy Code. The Debtor is operating its business and managing its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in this Case.

4. On October 9, 2013, the United States Trustee for Region 9 appointed the Committee to represent the interests of all unsecured creditors in this Case pursuant to section 1102 of the Bankruptcy Code. The members appointed to the Committee are: (i) Bees Brothers, LLC; (ii) Buoye Honey; (iii) Little Bee Impex; (iv) Citrofrut SA de CV; and (v) Delta Food International Inc. The *Appointment of Committee of Unsecured Creditors* [Docket No. 69] was filed on October 9, 2013.

## Relief Requested

5. By this Motion, the Committee seeks entry of an order of the Court clarifying the requirement of the Committee to provide access to the Debtor's Confidential Information (as defined below) and/or Privileged Information (as defined below) to any creditor the Committee represents. The procedure proposed herein will help ensure that confidential, privileged, proprietary and/or material non-public information will not be disseminated to the detriment of the Debtor's estate and will aid the Committee in performing its statutory function.

6. Specifically, the Committee requests authority to (a) withhold Confidential Information and Privileged Information under the 'information access' prong of the statute and (b) satisfy its duties under the 'comment solicitation' prong of the statute by means of a link to a web page posted on, and accessible via, an internet website dedicated to the Committee. The Committee seeks to satisfy its information sharing obligations in as streamlined

1

and inexpensive a manner as possible. Thus, the Committee will communicate with its constituency through, inter alia, the website established at: www.pszjlaw.com. In order to facilitate recognition and ease of access for creditors, the Committee further requests permission to use the Debtor's logo on the website during the period that these bankruptcy cases are open.

7. The Committee further requests that the procedures set forth herein be deemed to satisfy the requirements of Local Bankruptcy Rule 2003-4 and that any further obligations of the Committee thereunder be waived.

**Basis for Relief**

8. Section 1102(b)(3) of the Bankruptcy Code states, in relevant part, that a creditors' committee appointed under section 1102(a) of the Bankruptcy Code shall "provide access to information for creditors who (i) hold claims of the kind represented by that committee; and (ii) are not appointed to the committee." 11 U.S.C. § 1102(b)(3)(A). Section 1102(b)(3)(A) does not indicate how a creditors' committee should provide "access to information" to the creditors it represents nor does the associated legislative history provide any guidance.

9. The lack of specificity in section 1102(b)(3)(A) creates significant issues for debtors and creditors' committees. Typically, a debtor will share various confidential and other non-public proprietary information with a creditors' committee (the "Confidential Information").[1] Creditors' committees then use this Confidential Information to assess, among

---

[1] For purposes of this Motion, the term "Confidential Information" shall mean all non-public documents, agreements, records, reports, data, forecasts, appraisals, projections, business plans, interpretations, audit reports, and all other non-public information, written, visual or oral regardless of how transmitted, concerning the Debtor's financial condition or performance, the Debtor's business operations, including, without limitation, any and all information relating to the Debtor's suppliers and customers, the valuation of the Debtor and/or their assets, or the sale of the Debtor's assets provided to the Committee by the Debtor, and prepared by, or on behalf of, or furnished by, or on behalf of, the Debtor (whether or not marked confidential), or any other

2

other things, a debtor's capital structure, opportunities for the restructuring of a debtor's business in chapter 11, the results of any revised operations of the debtor, and the debtor's overall prospects for reorganization under a chapter 11 plan. Section 1102(b)(3)(A) raises the issue of whether a creditors' committee could be required to share a debtor's Confidential Information with any creditor that the creditors' committee represents.

10. In this Case, absent appropriate protections, the Debtor might be unwilling to share Confidential Information with the Committee, impeding the Committee's ability to function effectively and impairing the Committee's working relationship with the Debtor. Given the importance of the issue, the Committee seeks an order of the Court clarifying the requirement of the Committee to provide access to the Debtor's Confidential Information to any creditor the Committee represents.

11. That section 1102(b)(3)(A) could be read to permit the disclosure of attorney-client privileged information (or information protected by any other applicable privilege for that matter) to the creditors the Committee represents also raises the issue of whether the Committee could be required to disclose the Debtor's or its own privileged information (collectively, the "<u>Privileged Information</u>").[2] Given the importance of the issue, the Committee seeks an order of the Court clarifying the requirement of the Committee to provide access to the Debtor's Privileged Information to any creditor the Committee represents. Of course, the Committee should be permitted in its sole discretion, but not required, to provide access to

---

materials provided to the Committee by or on behalf of the Debtor, as well as derivations, summaries, and analyses of the same.

[2] For the purposes of this Motion, the term "Privileged Information" shall mean any information subject to the attorney-client or some other state, federal, or other jurisdictional law privilege (including attorney work product), whether such privilege is solely controlled by the Committee or is a joint privilege with the Debtor or some other party.

Privileged Information to any party so long as (a) such Privileged Information was not Confidential Information, and (b) the relevant privilege was held and controlled solely by the Committee.

12. In sum, the Committee respectfully submits that section 1102(b)(3)(A) of the Bankruptcy Code is unclear and ambiguous. The statute simply requires a committee "to provide access to information," without offering any guidance as to the type, kind and extent of the information to be provided. In its extreme, section 1102(b)(3)(A) could be read as requiring a committee to provide access to all information provided to it by a debtor, or developed through exercise of its investigative function, regardless of whether the information is confidential, privileged, proprietary or material non-public information and regardless of whether disseminating such information implicates securities laws disclosure requirements. *See* 17 C.F.R. §§ 243.100 to 243.103 (2005). The Committee submits that this is not the proper reading.

13. Instead, given the ability to rapidly disseminate information online or otherwise, the drafters of section 1102(b)(3) likely intended this provision to mean that a creditors' committee's constituency should have easier access to relevant public information about a debtor without the burden of retaining counsel to monitor the numerous proceedings within a bankruptcy case. Congress could not have intended for a creditors' committee to be required to provide unfettered access to every type and kind of information that a creditors' committee receives from a debtor. If this had been the intention, section 1102(b)(3) would then frustrate numerous provisions of the Bankruptcy Code.

14. Section 107(b)(1) of the Bankruptcy Code suggests that the Committee's interpretation is correct because section 107(b)(1) provides that "on request of a party in interest, the bankruptcy court shall . . . protect an entity with respect to trade secret or confidential

4

research, development, or commercial information." *Video Software Dealers Ass'n v. Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994) (providing that the protections of section 107(b)(1) are mandatory upon request). That any interpretation of section 1102(b)(3) must be in keeping with the mandatory provisions of section 107(b)(1) is further supported by Bankruptcy Rule 9018, which states, in relevant part, that "on motion or on its own initiative, with or without notice, the court may make any order which justice requires to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information." Fed. R. Bankr. P. 9018. As a result, section 107(b)(1) and Bankruptcy Rule 9018 strongly suggest that this Court should protect the Debtor's Confidential Information and all Privileged Information from disclosure to general creditors.

15. Accordingly, courts in this District confronting this issue have entered orders providing that creditors' committees are not required to provide access to confidential or privileged information. *See, e.g.*, *In re Energy Conversion Devices, Inc.*, Case No. 12-43166 (TJT) (Bankr. E.D. Mich. May 4, 2012); *In re Namco, LLC*, Case No. 13-10610 (Bankr. D. Del. May 22, 2013); *In re Bakers Footwear Group, Inc.*, Case No. 12-49658 (CER) (Bankr. E.D. Mo. Dec. 6, 2012); *In re Archdiocese of Milwaukee*, Case No. 11-2005 (SVK) (Bankr. E.D. Wisc. July 7, 2011); *In re Gas City, Ltd.*, Case No. 10-47879 (ERW) (Bankr. E.D. Ill. Nov. 19, 2010); *In re Old Car Co. LLC (f/k/a Chrysler LLC)*, Case No. 09-50002 (AJG) (Bankr. S.D.N.Y. July 16, 2009); *In re Commissary Operations, Inc.*, Case No. 08-06279, (Bankr. M.D. Tenn. Nov. 5, 2008); *In re Select Snacks, Inc.*, Case No. 07-18769 (PSH) (Bankr. E.D. Ill. Oct. 23, 2007).

16. Such an order is appropriate in this Case because the Debtor is in a competitive industry with highly sensitive proprietary information. If the Debtor's general creditors or competitors buying claims could require the Committee to turnover Confidential

5

Information in the possession of the Committee, such information could easily become public immediately thereafter. This would result in competitors gaining access to the Debtor's business strategies and intended initiatives, thereby allowing them to exploit the Debtor's Confidential Information, which would reduce – if not altogether eliminate – the value of such initiatives to the estate, and thus diminish the value of the estate to all creditors. Other Confidential Information of the Debtor, like compensation levels, is of a sensitive nature. Disclosure of such information could jeopardize employee morale and lead to sanctions under federal and state privacy laws. In sum, the dissemination of the Debtor's Confidential Information to third parties could be disastrous.

17. Accordingly, the Committee proposes the following protocol for providing access to information for creditors ("<u>Creditor Information Protocol</u>") in accordance with section 1102(b)(3)(A) and (B) of the Bankruptcy Code. The Committee may, until the earliest to occur of dissolution of the Committee, dismissal, or conversion of these chapter 11 cases, and a further order of the Court, set up and maintain a website. For the sake of efficiency and economy and ease of access by creditors, the Committee proposes to keep creditors informed as required by the statute by directing them to the Committee's own web page at www.pszjlaw.com/groebfarms.html to make non-confidential and non-privileged information available to unsecured creditors, which contains links to the Court's PACER website, posts relevant pleadings, and provides creditors with the information necessary to email or contact Committee counsel. Further, in order to facilitate recognition and ease of access for creditors, the Committee further requests permission to use the Debtor's logo on the website during the period that this Case is active.

18. The Committee proposes that the Committee shall not be required to disseminate to any entity (all references to "entity" herein shall be as defined in section 101(15) of the Bankruptcy Code, "Entity"): (i) without further order of the Court, Confidential Information or (ii) Privileged Information. In addition, the Committee proposes that it not be required to provide access to information or solicit comments from any Entity that has not demonstrated to the satisfaction of the Committee, in its sole discretion, or to the Court, that it holds claims of the kind described in section 1102(b)(3) of the Bankruptcy Code.

19. The Committee also proposes that any information received (formally or informally) by the Committee from any Entity in connection with an examination pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure or in connection with any formal or informal discovery in any contested matter, adversary proceeding or other litigation shall not be governed by any order entered with respect to this Motion but, rather, by any order governing such discovery.

**No Prior Request**

20. No prior request for the relief sought in this Motion has been made to this or any other court.

**Notice**

21. Notice of this Motion has been given to the following parties, or their counsel, if known: (a) the Office of the United States Trustee; (b) counsel to the Debtor; (c) counsel to the Debtor's prepetition and postpetition lenders; and (d) those parties who have requested notice pursuant to Bankruptcy Rule 2002. The Committee submits that, in light of the nature of the relief requested, no other or further notice need be given.

7

WHEREFORE, the Committee respectfully requests that this Court enter an order, substantially in the form attached hereto, granting the relief requested therein, and such other and further relief as this Court deems appropriate.

Respectfully submitted,

By: /s/ Sheryl L. Toby
Sheryl L. Toby (P39114)
Dykema Gossett PLLC
Proposed Co-Counsel for the Unsecured Creditors
Committee of Groeb Farms, Inc.
39577 Woodward Avenue, Suite 300
Bloomfield Hills, MI 48304
(248) 203-0522; (855) 232-1790 (fax)
stoby@dykema.com

Bradford J. Sandler
Pachulski Stang Ziehl & Jones LLP
Proposed Counsel for the Unsecured Creditors
Committee of Groeb Farms, Inc.
919 North Market Street, 17th Floor
Wilmington, DE 19801
(302)778-6424; (302) 652-4400 (fax)
bsandler@pszjlaw.com

Dated: October 23, 2013

# EXHIBIT 1

**(Proposed Order)**

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| GROEB FARMS, INC., ) | |
| ) | Case No. 13-58200-wsd |
| Debtor. ) | |
| ) | Honorable Walter Shapero |
| ) | |

**ORDER CLARIFYING REQUIREMENTS OF THE OFFICIAL COMMITTEE
OF UNSECURED CREDITORS TO PROVIDE ACCESS TO
<u>CONFIDENTIAL OR PRIVILEGED INFORMATION</u>**

This matter came before the Court on the *Motion of the Official Committee of Unsecured Creditors for an Order Clarifying the Requirements to Provide Access to Confidential or Privileged Information* (the "<u>Motion</u>")[1] filed by the Official Committee of Unsecured Creditors (the "<u>Committee</u>") of Groeb Farms, Inc.(the "<u>Debtor</u>"). The Court has reviewed the Motion and finds that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), (c) venue of these chapter 11 cases in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409, and (d) notice of the Motion was sufficient under the circumstances. The Court having determined that the legal and factual bases set forth in the Motion establish cause for the relief granted herein, and it appearing that the relief requested is in the best interests of the Debtor's estate and creditors, and other parties in interest; IT IS HEREBY ORDERED THAT:

        1.     The Motion is GRANTED.

---

[1] Capitalized terms used herein that are not otherwise defined shall have the meanings set forth in the Motion.

2. The Committee is not authorized or required pursuant to section 1102(b)(3)(A) of the Bankruptcy Code to provide access to any Confidential Information of the Debtor to any creditor it represents, except in compliance with the Creditor Information Protocol.

3. The Committee is not authorized or required pursuant to section 1102(b)(3)(A) of the Bankruptcy Code to provide access to any Privileged Information to any creditor it represents.

4. Nonetheless, the Committee shall be permitted in its sole discretion, but not required, to provide access to Privileged Information to any party so long as (a) such Privileged Information is not Confidential Information, and (b) the relevant privilege is held and controlled solely by the Committee.

5. Nothing in this Order shall expand, restrict, affirm, or deny the right or obligation, if any, of the Committee to provide access or not to provide access, to any information of the Debtor to any party except as explicitly provided herein.

6. Nothing herein shall preclude or abridge the right of any creditor to move before the Court for an order requiring the production of information, including Confidential Information or Privileged Information.

7. The Committee shall be permitted to use the Debtor's logo on the creditor website that it establishes so long as these bankruptcy cases are open.

8. The entry of this order satisfies Local Bankruptcy Rule 2003-4 and the Committee's obligations thereunder are hereby waived.

9. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

# EXHIBIT 2

**(Notice of Motion and Opportunity To Object)**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | |
|---|---|
| In re: ) <br> ) <br> GROEB FARMS, INC., ) <br> ) <br> Debtor. ) <br> ) <br> ) | Chapter 11 <br><br> Case No. 13-58200-wsd <br><br> Honorable Walter Shapero |

**Objection Deadline: November 6, 2013
Hearing Date: November 21, 2013 at 1:30 p.m.**

**NOTICE OF MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS FOR AN ORDER CLARIFYING THE REQUIREMENTS TO PROVIDE
ACCESS TO CONFIDENTIAL OR PRIVILEGED INFORMATION**

The Official Committee of Unsecured Creditors (the "Committee"), in the above-captioned case, filed the *Motion of the Official Committee of Unsecured Creditors for an Order Clarifying the Requirements to Provide Access to Confidential or Privileged Information* (the "Motion"), with the United States Bankruptcy Court for the Eastern District of Michigan, Southern Division, 211 West Fort Street, Detroit, Michigan 48226 (the "Bankruptcy Court"). A copy of the Motion is attached hereto.

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

If you do not want the court to grant this Motion, or if you want the court to consider your views on the Motion, then on or before **November 6, 2013**, you or your lawyer must:

1. File with the court a written response or an answer,[1] explaining your position at:

    United States Bankruptcy Court
    211 W. Fort Street, Suite 1700
    Detroit, Michigan 48226

If you mail your response to the court for filing, you must mail it early enough so the court will **receive** it on or before the date stated above. All attorneys are required to file pleadings electronically.

At the same time, you must also mail a copy to:

---

[1] Objections to the Motion must comply with Fed. R. Civ. P. 8(b), (c) and (e).

(i) (proposed) counsel to the Official Committee of Unsecured Creditors,

>Pachulski Stang Ziehl & Jones LLP
>919 North Market Street,
>17th Floor, P.O. Box 8705
>Wilmington, DE 19899-8705 (Courier 19801)
>Attn: Bradford J. Sandler
>
>Dykema Gossett PLLC
>39577 Woodward Avenue
>Suite 300
>Bloomfield Hills, MI 48304
>Attn: Sheryl L. Toby

(ii) (proposed) counsel for the Debtor,

>Foley & Lardner LLP
>One Detroit Center
>500 Woodward Ave.
>Suite 2700
>Detroit, Michigan, 48226-3489
>Attn: Judy A. O'Neill, Esq. and John A. Simon, Esq.

(iii) the Office of the United States Trustee,

>211 West Fort Street,
>Suite 700,
>Detroit, Michigan 72886,
>Attn: Kelley Callard

2. If a response or answer is timely filed and served, a hearing on the Motion will be held on **November 21, 2013, at 1:30 p.m.** eastern time before the Honorable Walter Shapero, United States Bankruptcy Judge, on the 10th Floor of the Theodore Levin Courthouse, 231 West Lafayette Street, Detroit, MI 48226.

**If you or your attorney do not take these steps, the court may deem that you do not oppose the relief sought in the motion, the hearing will be canceled, and the court may enter an order granting that relief.**

Respectfully submitted,

By: /s/ Sheryl L. Toby
    Sheryl L. Toby (P39114)
    Dykema Gossett PLLC
    Proposed Co-Counsel for the Unsecured Creditors
    Committee of Groeb Farms, Inc.
    39577 Woodward Avenue, Suite 300
    Bloomfield Hills, MI 48304
    (248) 203-0522; (855) 232-1790 (fax)
    stoby@dykema.com

    Bradford J. Sandler
    Pachulski Stang Ziehl & Jones LLP
    Proposed Counsel for the Unsecured Creditors
    Committee of Groeb Farms, Inc.
    919 North Market Street, 17th Floor
    Wilmington, DE 19801
    (302)778-6424; (302) 652-4400 (fax)
    bsandler@pszjlaw.com


    Dated: October 23, 2013

# EXHIBIT 3

Not Applicable

# EXHBIT 4

**(Certificate of Service)**

# CERTIFICATE OF SERVICE

I hereby certify that on October 23, 2013, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the attorneys on that system.

By: */s/ Sheryl L. Toby*
Sheryl L. Toby (P39114)
Dykema Gossett PLLC
Proposed Co-Counsel for the Unsecured Creditors
Committee of Groeb Farms, Inc.
39577 Woodward Avenue, Suite 300
Bloomfield Hills, MI 48304
(248) 203-0522; (855) 232-1790 (fax)
stoby@dykema.com