THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| GROEB FARMS, INC. | ) | Case No. 13-58200 |
|  | ) |  |
| Debtor. | ) | Honorable Walter Shapero |
|  | ) |  |

**STIPULATION REGARDING EXTENSION OF**
**BAR DATE FOR CERTAIN CREDITORS ONLY**

Groeb Farms, Inc., as debtor and debtor in possession (the "Debtor"), the Official Committee of Unsecured Creditors (the "Committee") of Groeb Farms, Inc., the Office of the United States Trustee for the Eastern District of Michigan, and HC Capital Holdings 0909A LLC (the "Lender"), by and through their undersigned counsel, hereby stipulate to the following:

1. On October 1, 2013 (the "Petition Date"), the Debtor filed a petition for relief under chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Eastern District of Michigan. The Debtor intends to continue in possession of its property and to manage its business as debtor-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Debtor's chapter 11 case.

2. Also on October 1, 2013, the Debtor filed its First Day Motion for an Order Establishing Bar Date For Filing Proofs Of Claim, Including 503(B)(9) Claims and Approving Form and Manner of Notice Thereof (the "Bar Date Motion") (Dkt. No. 19).

3. The Court granted the Bar Date Motion and entered an Order establishing the General Bar Date as November 4, 2013 and the Governmental Bar Date as March 31, 2014 (the "Bar Date Order") (Dkt. No. 48).

4. The Debtor filed its Schedules on October 15, 2013 (Dkt. No. 84). It filed corrected Schedules C and E on October 23, 2013 (Dkt. Nos. 121; 123).

5. During the preparation of the Schedules, the Debtor discovered that certain potential claimants (the "Potential Claimants") listed on the Schedules had been inadvertently left off of the creditor matrix and had not received notification of the case or the General Bar Date. A list of the Potential Claimants is attached hereto as Exhibit 2.

6. In order to ensure that these creditors have ample time to file their proofs of claim, and receive notice of upcoming events in the case, the Debtor, the Committee, the Lender, and the Office of the United States Trustee (collectively the "Parties") seek entry of the proposed order attached hereto as Exhibit 1, establishing an Extended Bar Date of November 18, 2013 (the "Extended Bar Date") for the Potential Claimants.

7. Once the Court has established the Extended Bar Date, the Debtor will serve the Notice of Extended Bar Date, attached hereto as Exhibit 3, on all of the Potential Claimants. The Extended Bar Date shall only apply to the Potential Claimants, and shall not apply to parties who have previously received notice of the General Bar Date.

8. The Debtor shall provide notice to each of the Potential Claimants as to the matters which are currently scheduled to be heard on November 8, 2013 by email, facsimile, or overnight mail. The Potential Claimants shall have until 4:00 p.m. EST on November 6, 2013 to file written objections to any of the matters currently scheduled to be heard November 8, 2013. Notwithstanding the foregoing, if any of the matters regarding the retention of the Debtor's

professionals are resolved through the process contained in Local Rule 2104-1(b) prior to the hearings, such orders may be entered prior to the hearing date.

WHEREFORE, the Parties hereby respectfully request that this Court enter the Order attached hereto as Exhibit 1, and order such other relief as is just and proper under the circumstances.

Dated: October 31, 2013

| **Foley & Lardner LLP** | **Dykema Gossett PLLC** |
|---|---|
| By: /s/ *Judy A. O'Neill* | By: /s/ *Sheryl L. Toby (w/consent)* |
| Judy A. O'Neill (P32142)<br>John A. Simon (P61866)<br>Tamar N. Dolcourt (P73425)<br>500 Woodward Ave., Ste. 2700<br>Detroit, MI 48226<br>Tel. 313.234.7100<br>joneill@foley.com<br>jsimon@foley.com<br>tdolcourt@foley.com | Sheryl L. Toby (P39114)<br>Sherrie L. Farrell (P57025)<br>Jong-Ju Chang (P70584)<br>39577 Woodward Ave., Ste. 300<br>Bloomfield Hills, MI 48304<br>Tel. 248-203-0522<br>stoby@dykema.com |
| *Counsel for the Debtor* | *-and-* |
|  | Bradford Sandler<br>Pachulski Stang Ziehl & Jones LLP<br>919 North Market Street<br>17th Floor<br>Wilmington, DE 19801<br>Tel. 302.652.4100<br>bsandler@pszjlaw.com |
| **Kirkland & Ellis LLP** | |
| By: /s/ *Ray C. Shrock (w/consent)*<br>Ray C. Schrock, P.C.<br>601 Lexington Avenue<br>New York, NY 10022<br>Tel. (212) 446-4828<br>ray.schrock@kirkland.com | *Proposed Counsel for the Official Committee of Unsecured Creditors* |
| *Counsel to the Lender* | **The Office of the United States Trustee**<br><br>By: /s/ *Kelley Callard (w/consent)* |

Kelley L. Callard
                                        Trial Attorney

**Exhibit 1**

THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

|   |   |
|---|---|
| In re: ) | Chapter 11 |
| GROEB FARMS, INC. ) | Case No. 13-58200 |
| Debtor. ) | Honorable Walter Shapero |

**ORDER EXTENDING BAR DATE INCLUDING 503(b)(9) CLAIMS
AS TO CERTAIN CREDITORS ONLY AND
APPROVING FORM AND MANNER OF NOTICE THEREOF**

Upon the stipulation of Groeb Farms, Inc., as debtor and debtor in possession (the "Debtor"), the Official Committee of Unsecured Creditors (the "Committee") of Groeb Farms, Inc., the Office of the United States Trustee for the Eastern District of Michigan, and HC Capital Holdings 0909A LLC (the "Lender"), (the "Stipulation"),[1] the Court having jurisdiction over this matter; and the Court having found that the relief requested in the Stipulation is in the best interest of the Debtor, its estate and creditors; and after due deliberation and sufficient cause appearing therefore

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Extended Bar Date Notice (attached to the Stipulation as Exhibit 3) and the Proof of Claim Form substantially in the form of Official Form No. 10 with slight modifications and Instructions, the manner of providing notice of the Extended Bar Date and Governmental Bar Date proposed in the Stipulation, are approved.

---

[1] Capitalized terms not otherwise defined shall have the definition assigned to them in the Stipulation.

2. Except as provided in Paragraphs 3 through 5 of this Order, the Extended Bar Date for Potential Claimants, as defined below, is hereby established as November 18, 2013. All other Bar Dates established by the Bar Date Order shall remain for all Claimants other than the Potential Claimants. The Governmental Bar Date will remain March 31, 2014. The entities listed as such Potential Claimants on Exhibit 2 to the Stipulation must file a proof of claim so that such proof of claim is received by the KCC no later than 4:00 p.m., Pacific Time, on the Extended Bar Date. Potential Claimants holding claims under Section 503(b)(9) of the Bankruptcy Code may also file motions requesting approval of such claims on or before the Extended Bar Date, in accordance with the procedures set forth in this order. For any proof of claim to be validly and properly filed, a signed original of the completed Proof of Claim Form, together with accompanying documentation, must be timely delivered to KCC in person or by courier, hand delivery or in accordance with this Order and the Extended Bar Date Notice. **Facsimile submissions will not be accepted**. Proofs of claim shall be deemed filed when actually received by KCC. The holder of any claim or interest required to be filed pursuant to the provisions of this Order, and not filed on or before the Extended Bar Date, shall not be treated as a creditor or interest holder with respect to any claim or interest.

3. The following Potential Claimants are not required to file a proof of claim in these chapter 11 cases with respect to a Claim against the Debtor: (a) Potential Claimants who or which have already properly filed a proof of claim against the Debtor with respect to such Claim; (b) Potential Claimants whose Claims are listed in the Schedules and are not listed as "disputed," "contingent" or "unliquidated" in the Schedules and who agree with the nature, classification and amount of their Claims as set forth in the Schedules; and (c) Potential Claimants whose Claims have previously been allowed by, or paid pursuant to, an order of this Court.

4. The Debtor shall retain the right to (a) dispute or assert offsets or defenses against any filed Claim or any Claim listed or reflected in the Schedules (or which may subsequently be listed in any Schedules for any subsidiary or affiliate for which such proof of claim is deemed filed) as to nature, amount, liability, classification or otherwise; or (b) subsequently designate any Claim as disputed, contingent or unliquidated. If, subsequent to the mailing of the Extended Bar Date Notice, the Debtor amends the Schedules to adversely change or alter a Claim of a Potential Claimant against the Debtor in any way, then the affected claimant shall have the later of the Extended Bar Date or 4:00 p.m. on the date which is 30 days from the date of service of notice thereof to file a proof of claim or to amend any previously filed proof of claim with respect to such amended scheduled Claim (the "<u>Extended Amended Schedule Bar Date</u>").

5. Any Potential Claimant that is required to file a proof of claim in this chapter 11 case (pursuant to the Bankruptcy Code, the Bankruptcy Rules or this Order) with respect to a particular Claim against the Debtor, but that fails to do so in a timely manner, shall be forever barred, estopped and enjoined from: (a) asserting any interest in the Debtor or any Claim against the Debtor that such Potential Claimant has that (i) is an amount that exceeds the amount, if any, that is set forth in the Schedules as undisputed, noncontingent and liquidated or (ii) is of a different nature or in a different classification (any such Claim being referred to as an "<u>Unscheduled Claim</u>"); and (b) voting upon, or receiving distributions under, any plan or plans of reorganization in these cases in respect to such claim or interest or to an Unscheduled Claim.

6. The Debtor shall serve on all known Potential Claimants: (a) the Extended Bar Date Notice, substantially in the form (attached to the Motion as <u>Exhibit 3</u>); (b) a Proof of Claim Form, substantially in the form of Official Form No. 10 and instructions on completing the Proof

3
4826-2922-7030.3
13-58200-wsd    Doc 145    Filed 10/31/13    Entered 10/31/13 15:52:57    Page 8 of 18

of Claim Form, substantially in the form accompanying Official Form No. 10; (collectively, the "Notice Package").

7. The Notice Package shall be mailed by first class U.S. Mail, postage prepaid, or overnight mail in the Debtor's discretion, to all known potential claimants not less than 21 days before the Extended Bar Date, established as provided herein.

8. The Extended Bar Date shall only apply to the Potential Claimants.

9. Nothing set forth herein or in the Motion shall preclude the Debtor from objecting to any Claim, whether scheduled or filed, on any grounds.

10. The Debtor shall provide notice to each of the Potential Claimants as to the matters which are currently scheduled to be heard on November 8, 2013 by email, facsimile, or overnight mail. The Potential Claimants shall have until 4:00 p.m. EST on November 6, 2013 to file written objections to any of the matters currently scheduled to be heard on November 8, 2013. Notwithstanding the foregoing, if any of the matters regarding the retention of the Debtor's professionals are resolved through the process contained in Local Rule 2014-1(b) prior to the hearings, such orders may be entered prior to the hearing date.

11. The notice procedures provided for herein and in the Motion constitute sufficient notice to all creditors and interest holders of the Extended Bar Date, the Governmental Bar Date, and other motions of which the Potential Claimants will receive notice, and comply with all applicable provisions of the Bankruptcy Code and Bankruptcy Rules.

12. Notwithstanding any applicability of Bankruptcy Rules 6004(g), 7062, or 9014, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

13. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rules 4001(d) and 6004(a) are waived.

**Exhibit 2: List of Potential Claimants**

**List of Potential Claimants to Receive Extended Bar Date Notice**

Acosta, Francisco
Agostini, Laura N .
Bell, Jeff A.
Bohannon , David W.
Castro, Jessie
Centorbi, Sr., Paul R.
Cordova, Gavino C.
Dietrich, Scott M.
Emerson, Darlene S.
Fineske, Cody K.
Fletcher, Christine A.
Foster II, Wallace B.
Froelich, Mary K
Garcia, Angel
Garcia, Marina
Garcia, Roberto
Garcia, Jaime A.
Gooding, Steven D.
Hall, Jr. Billy J.
Hall, Melvin E.
Harper, Judith G.
Hernandez, Pablo J.
Hill, Dustin J.
Holmes, Tony L.
Irvin, Jr., Jack M.
Johnson, Brad F.
Keeney, David L.
Klulhe, Douglas A.
Martinez, Rogelio V.
McCarthy-Gray, Lucas s.
McComb, Eric R.
McMichael, Gloria J.
Mendez, Maria I.
Messer, Paul D.
Mielke, Roxanna
Modjeski, Michael R.
Moore, Craig S.
Mott, John H.
Peters, Kelli J.
Porterfield, Jeffrey L.
Quintero, Daniel M.

Ratz, Michael R.
Richter, Rolf B.
Ryska, Melanie S.
Sandoval, Omar
Schlachter, Joyce D.
Schultz, Bruce M.
Shell, Alin
Shepherd, Ryan C.
Shepherd, Steven R.
Slusher, Cheryl L.
Slusher, Michael T.
Snyder, Steven M.
Spears, Patricia l.
Spears, Trisha M.
Sroufe, J.T.
Tilden, Tami L.
Vansickle, Adam M.
Vetter, John E.
Ward, Jack H.
Westgate, William J.
Winne, Eric
Wojcik, Michael P.
Wolf, John J.
Wright, Tammy R.
Youtsey, Christine C.
Gonzalez, Max
USDA Albuquerque Service Center (ASC)
USDA Forest
Extrusiones Home, S de RL de CV
Golden Honey Bee
Brooklyn Ford
GE TF Trust
San Bernardino Police Department, Alarm Program
National Processing Company
Naturasol, S. A. de C. V
Rieder Enterprises, LLC
US Foods
DOT Foods
OmniSource
Apis India Limited
Gruas San Blas
Dhillon & Smith LLP
Harry S Truman State Office Building

Massachusetts Department of Revenue
Ohio Department of Taxation
Virginia Department of Taxation
Colorado Department of Revenue
COMMISSIONER OF TAXATION AND FINANCE, HIGHWAY USE TAX
Department of Assessments & Taxation
Florida Department of Revenue
Georgia Department of Revenue
ILLINOIS DEPARTMENT OF REVENUE
KENTUCKY STATE TREASURER, DIVISION OF MOTOR CARRIERS
Michigan Department of Treasury
Michigan Department of Treasury, Special Taxes Division, IFTA Unit
Pennsylvania Department of Revenue
San Bernardino County Transportation Commission
Texas Comptroller of Public Accounts
Wisconsin Department of Revenue
Ackerman, Kimberly M .
Airgas Great Lakes, Inc.
U.S. Staffing Agency, LLC

**EXHIBIT 3: Notice of Extended Bar Date**

THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

GROEB FARMS, INC.,                             Case No. 13-58200

          Debtor.                              Hon. Walter Shapero

                                                        Chapter 11

### NOTICE OF EXTENDED DEADLINE
### FOR FILING PROOFS OF CLAIM OR INTEREST

PLEASE TAKE NOTICE that on [DATE], (the "Extended Bar Date Order Date"), the United States Bankruptcy Court for the Eastern District of Michigan (the "Court") entered an order (the "Extended Bar Date Order") establishing **November [], 2013**, as the extended general claims bar date (the "Extended Bar Date") in this case for certain parties (the "Potential Claimants"). The bar date for governmental units has been set as **March 31, 2014** (the "Governmental Bar Date"). Except as described below, the Extended Bar Date Order requires all Entities, as defined in § 101(15) of the Bankruptcy Code, 11 U.S.C. §§ 101-1330 (the "Bankruptcy Code") who are Potential Claimants, including persons, corporations, partnerships, estates, trusts, and the United States Trustee, that have or assert any pre-petition Claims (as defined herein) against or interests in the Debtor, to file a proof of claim, so that such proof of claim is received by Kurtzman Carson Consultants, LLC ("KCC") on or before 4:00 p.m., Pacific Time, on **November [], 2013 or March 31, 2014**, as applicable. For your convenience, enclosed with this Notice is a copy of the proof of claim form, and instructions on completing it.

### *POTENTIAL CLAIMANTS WHO OR WHICH MUST FILE A PROOF OF CLAIM*

Pursuant to the Extended Bar Date Order, all Potential Claimants holding Claims against the Debtor (whether secured, priority or unsecured), that arose prior to October 1, 2013, are required to file proofs of claim by the Extended Bar Date, including, without limitation, creditors whose Claims against the Debtor arise out of the rejection of executory contracts or unexpired leases by the Debtor prior to the entry of the order establishing the Extended Bar Date. Potential Claimants holding claims that arise under section 503(b)(9) of the Bankruptcy Code may file a proof of claim on or before the Extended Bar Date, or may file a motion with the Court requesting approval of such claim on or before the Extended Bar Date. All governmental units, who are Potential Claimants, holding Claims against the Debtor that arose prior to October 1, 2013, are required to file proofs of claim by the Governmental Bar Date.

If, subsequent to the mailing of this Notice, the Debtor amends the Schedules to adversely change or alter a Claim against the Debtor in any way, then the affected claimant shall have 30 days from the date of service of notice thereof to file a proof of claim or to amend any

previously filed proof of claim with respect to such amended scheduled claim (the "Amended Schedule Bar Date").

## CONSEQUENCES OF FAILURE TO FILE PROOF OF CLAIM

Any Potential Claimant that is required to file a proof of claim, or in the case of an Potential Claimant holding claims arising under section 503(b)(9) of the Bankruptcy Code, file a motion with the Court for approval of such claim, but that fails to do so on or before the Extended Bar Date or Governmental Bar Date, as applicable, will be forever barred, estopped and enjoined from: (i) asserting any Claim against the Debtor that such Person has that (a) is an amount that exceeds the amount, if any, that is set forth in the Schedules as undisputed, noncontingent and liquidated or (b) is of a different nature or in a different classification (any such Claim being referred to as an "Unscheduled Claim") than that listed in the Schedules; and (iii) voting upon, or receiving distributions under, any plan of reorganization in this case with respect to an Unscheduled Claim. If it is unclear from the Schedules whether your Claim is disputed, contingent or unliquidated as to the amount or is otherwise properly scheduled and classified, you must file a proof of claim on or before the Extended Bar Date, or the Governmental Bar date, as applicable.

## RESERVATION OF RIGHTS

The Debtor reserves the right to dispute, or to assert offsets or defenses against any filed Claim or any Claim listed or reflected in the Schedules, or any motion for approval of a Claim arising under section 503(b)(9) of the Bankruptcy Code, as to nature, amount, liability, nature, classification or otherwise. Nothing in this Notice shall preclude the Debtor from objecting to any Claim, whether scheduled or filed, on any grounds.

## TIME AND PLACE FOR FILING PROOFS OF CLAIM

A signed original of any proof of claim, together with accompanying documentation, must be delivered in person, via mail or courier to

**Groeb Farms Claims Processing Center**
**c/o KCC**
**2335 Alaska Avenue**
**El Segundo, CA 90245**

The proof of claim must be received no later than 4:00 p.m., Pacific Time, on November [], 2013. *Any proof of claim submitted by facsimile will not be accepted and will not be deemed filed until such proof of claim is submitted by one of the methods described above.* Proofs of claim will be deemed filed only when actually received by KCC. If you wish to receive acknowledgment of receipt of your proof of claim, you must also submit a copy of your original and a self-addressed envelope.

## DEFINITION OF CLAIM

For purposes of this Extended Bar Date Notice, "Claim" shall mean, as to or against the Debtor: (i) any right to payment, whether or not such right is reduced to judgment, liquidated, fixed, contingent, matured, disputed, undisputed, legal, equitable, secured or

unsecured; or (ii) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

### *ADDITIONAL INFORMATION*

If you require additional information regarding the filing of a proof of claim, you may contact KCC, 2335 Alaska Avenue, El Segundo, CA 90245, by phone toll-free is 877-725-7539 (for callers in the US and Canada) or 424-236-7247 (for international callers), or by reviewing the website for this case located at www.kccllc.net/groebfarms.

Dated: October [ ], 2013

BY ORDER OF THE UNITED STATES
BANKRUPTCY COURT