THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

GROEB FARMS, INC.,                            Case No. 13-58200

               Debtor.                           Hon. Walter Shapero

                                                       Chapter 11

**MOTION FOR ENTRY OF CONSENT ORDER PURSUANT TO SECTION 362(d)(1)
APPROVING THE ADVANCEMENT OF DEFENSE COSTS
UNDER INSURANCE POLICY NOTWITHSTANDING 11 U.S.C. § 362**

Groeb Farms, Inc., as debtor and debtor-in-possession (the "Debtor"), by and through its undersigned counsel, hereby moves the Court (the "Motion") for entry of an order, pursuant to section 362(d)(1) of title 11 of the United States Code (the "Bankruptcy Code") permitting the advancement of defense costs under an insurance policy notwithstanding section 362 of the Bankruptcy Code. In support of this Motion, the Debtor respectfully represent as follows:

**JURISDICTION & VENUE**

1. The predicates for relief requested herein is section 362(d)(1) of the Bankruptcy Code and Rule 4001(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

2. The Court has jurisdiction over this matter under 28 U.S.C. § 1334.

3. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

**BACKGROUND**

4. On October 1, 2013 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

5. In April 2013, two civil putative class action lawsuits were filed against the Debtor in the United States District Court for the Northern District of Illinois by producers, packers and/or distributors of honey. In *Adee Honey Farms, et al v. Groeb Farms, et al.*, Case No. 1:13-cv-02922 (the "Adee Lawsuit"), the putative class alleges violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO") and Lanham Act. In *Moore's Honey Farm, et al. v. Groeb Farms, Inc., et al.*, Case No. 1:13-cv-02905 (the "Moore Lawsuit" and collectively with the Adee Lawsuit the "Putative Class Actions"), the putative class alleges violations of RICO and common law fraud, negligent misrepresentations, conspiracy, and clandestine wrongful importation without paying the anti-dumping duties. On June 24, 2013, the Putative Class Actions were consolidated (hereinafter, the "Putative Class Action") by Order of the Court handling the Moore Lawsuit (the "Consolidation Order"). An Amended Complaint was filed on November 22, 2013, including individual named defendants affiliated with the Debtor, Ernest Groeb, Troy Groeb, Robert Feerick, and Thomas Jenkins (collectively, the "Named Individual Defendants"). There are also other parties affiliated with the Debtor who could be named later in the Putative Class Action (the "Other Individual Defendants" and collectively with the Named Individual Defendants, the "Individual Defendants").

6. On November 21, 2013 several individual plaintiffs have sought leave to file a complaint against certain of the same defendants as the Putative Class Action, including Ernest and Troy Groeb, concerning the same or similar facts at issue in the Putative Class Action (the "Proposed Individual Action" and together with the Putative Class Action, the "Underlying Litigation").

7. Federal Insurance Company ("Federal") issued to the Debtor Forefront Portfolio Policy, No. 8208-1192 (the "D&O Policy"), which affords specified coverage for the period

from May 1, 2011 through May 1, 2012 subject to all of its terms, conditions and exclusions, including a maximum aggregate limit of liability of $5,000,000, plus an additional $500,000 that is dedicated solely to claims against "Executives," as defined in the D&O Policy.

### RELIEF REQUESTED

8. The Debtor and the Individual Defendants (collectively, the "Insureds") have sought coverage for the Underlying Litigation under the D&O Policy, including the advancement of their defense fees and expenses in connection with the Underlying Litigation.

9. In order to comply with the D&O Policy, Federal has indicated that it is willing to advance on a current basis certain Defense Costs, as that term is defined in the D&O Policy (hereinafter "Defense Costs"), under the D&O Policy, subject to mutual reservations of rights, in connection with the Underlying Litigation to or on behalf of the Insureds.

10. Because the advancement of Defense Costs could implicate the automatic stay under section 362, Federal has requested that the Debtor seek the Court's approval of the order (the "Order"), attached hereto as **Exhibit 1**, authorizing Federal to make payments under the D&O Policy to or for the benefit of the Insureds for Defense Costs incurred in connection with the Underlying Litigation.

11. Pursuant to section 362(d)(1), "cause" exists to modify the automatic stay—to the extent it might be deemed applicable—for the purpose of permitting Federal to advance Defense Costs to or for the benefit of the Insureds.

12. Courts have permitted the advancement of defense costs to a debtor's directors or officers even though the insurance policies provided direct coverage to the debtor. *See, e.g.*, *In re Downey Fin. Corp.*, 428 B.R. 595, 608-11 (Bankr. D. Del. 2010) (granting relief from stay for cause to permit use of D&O policy proceeds to pay defense costs); *In re Global Crossing Sec. &*

*ERISA Litig.*, 225 F.R.D. 436, 463 (S.D.N.Y. 2004) (holding that where insurance proceeds are available to both a debtor and individual insureds, "the individual insureds have a right to use the policies' proceeds to cover their defense and settlement costs in litigation."); *Adelphia Commc'ns Corp. v. Assoc. Ins. Serv., Ltd. (In re Adelphia Commc'ns Corp.)*, 285 B.R. 580, 598 (Bankr. S.D.N.Y. 2002) (granting relief from stay to permit primary insurer to advance defense costs), *vacated on other grounds*, 298 B.R. 49 (S.D.N.Y. 2003); *In re Enron Corp.*, No. 01-16034, 2002 Bankr. LEXIS 544 at *3 (Bankr. S.D.N.Y. May 17, 2002) (granting relief from stay, to the extent applicable, for payment of defense costs); *In re CyberMedica, Inc.*, 280 B.R. 16, 18-19 (Bankr. D. Mass. 2002) (granting relief from stay because directors and officers would suffer irreparable harm if prevented from exercising their rights to defense costs under D&O policy); *cf. In re Allied Digital Techs. Corp.*, 306 B.R. 505, 513 (Bankr. D. Del. 2004) ("It is not uncommon for courts to grant stay relief to allow payment of defense costs or settlement costs to directors and officers, especially when there is no evidence that direct coverage of the debtor will be necessary.").

13. Payment of the Defense Costs will reduce the amount available under the D&O Policy. However, under the terms of the D&O Policy, Defense Costs and judgment or settlements against the Individual Defendants must be paid before any amounts may be paid on behalf of the Debtor. Because contractually, the Defense Costs of the Individual Defendants must be paid first, cause exists to lift the automatic stay because the Debtor is not entitled to receive those funds. Furthermore, the Debtor and the Individual Defendants will suffer substantial harm if they are unable to exercise their rights to receive payment of Defense Costs.

14. Based upon the foregoing, the Debtor respectfully requests that the Order be approved by this Court and, in accordance with the Order, Federal be authorized to make

payments under the D&O Policy to or for the benefit of the Insureds for Defense Costs incurred in connection with the Underlying Litigation.

## N<small>O</small> P<small>RIOR</small> R<small>EQUEST</small>

15. No previous application for the relief sought herein has been made to this Court or to any other court.

## N<small>OTICE</small>

16. Notice of this Motion has been provided to the Debtor's Master Service List. In light of the relief requested herein, the Debtor submits no additional notice is required.

**WHEREFORE**, the Debtor respectfully requests entry of an order substantially in the form attached hereto.

| | |
|---|---|
| Dated: December 16, 2013<br>Detroit, Michigan | F<small>OLEY</small> & L<small>ARDNER</small> LLP<br><br>*/s/ Tamar N. Dolcourt*<br>Judy A. O'Neill (P32142)<br>John A. Simon (P61866)<br>Tamar N. Dolcourt (P73425)<br>One Detroit Center<br>500 Woodward Ave., Suite 2700<br>Detroit, MI 48226-3489<br>(313) 234-7100 (Telephone)<br>(313) 234-2800 (Facsimile)<br><br>*Counsel for the Debtor and Debtor in Possession* |